*May Term, 1860.*

BLACK
v.
MITCHELL.

G. *Durbin*, for the state.

BLACK *v.* MITCHELL.

APPEAL from the *Owen* Court of Common Pleas.

*Thursday, June 7.*

PERKINS, J.—Suit by *Black* against *Mitchell* upon two promissory notes. The notes were given to one *J. R. Riddle*, and by him assigned to the plaintiff.

The defendant set up a want and a failure of consideration, and fraud.

The plaintiff replied an *estoppel in pais*, in this, that the plaintiff took the assignment of the notes for a considera-

tion paid, and upon the representation of the defendant made during the negotiation therefor that the notes were valid.

Trial by jury; verdict and judgment for the defendant.

The evidence is upon the record. The notes were given to Dr. *Riddle*, for services to be subsequently performed by him. They were undoubtedly obtained by false pretenses, and the services promised, useless as they would, it is true, have been, were never performed.

As between the payee and the maker, the verdict of the jury was undoubtedly right.

Was the estoppel to set up the defense as against the plaintiff established?

To make out such an estoppel, it must appear that the notes were purchased on the faith of the representation. *Powers* v. *Talbott*, 11 Ind. R. 1.—2 Smith's Lead. Cases, pp. 534, 535. This does not sufficiently appear.

Again, in this case, as we have seen, the notes were given upon an executory consideration. The services which were to constitute it had not been performed when the assignment of the notes was taken, and the assignee knew the fact; and, further, that the notes were obtained by fraud. He knew more about that than the maker of the notes himself; for the maker appears to have been an ignorant, simple-hearted man, while the payee of the notes was an itinerant quack occulist, a fact known to the plaintiff in this suit, and not known to the defendant; in addition to which, the plaintiff knew the manner in which the notes had been obtained.

Under these circumstances, he cannot rely upon the estoppel pleaded.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Daggy* and *D. E. Williamson*, for the appellant.