May Term,
**1861.**

CARTER
v.
HARRIS.

------------

## CARTER v. HARRIS and Another.

Where the maker of a promissory note is inquired of by a person who has already purchased the note, as to its validity, and answers that the note is all right, and that he will pay it, he is not estopped by such promise to contest the validity of the note; as the assignee did not take it upon the faith of his statements.

APPEAL from the *Grant* Circuit Court.

WORDEN, J.—Suit by *Carter* against *Obadiah H. Harris* and *Pennington B. Harris*, on a note made by *Obadiah H. Harris* to *Pennington B. Harris*, and by the latter assigned to the plaintiff. Answer, by *Obadiah H. Harris*, among other things, a set-off of a note made by *Pennington B. Harris* to *Obadiah H. Harris*. Trial by the Court; finding and judgment for the defendant.

The only important question arising in the record is whether the defendant *Obadiah* is estopped from setting up his set-off. The facts on which the estoppel is said to have arisen, are as follows, viz.,

On or about the day the note sued on was executed, one *Sines*, an agent of the plaintiff, saw *Pennington B. Harris*, who then had the note for sale. *Sines* had in his possession a deed executed by the plaintiff for certain lands in *Missouri*, the name of the grantee being left blank; he being an

*Wednesday,*
*June 12.*

agent for the plaintiff for the purpose of selling the land. *Sines* and *Pennington B. Harris* made a contract, by which the latter indorsed and delivered the note to *Sines*, as such agent, and *Sines* delivered the deed for the lands to *Pennington B. Harris*, but whether his name was inserted as the grantee does not appear. From two weeks to two months after this, *Sines*, in the presence of the plaintiff, saw the defendant *Obadiah H. Harris*, and inquired of him as to the validity of the note, stating to him that he had bought a $600 note on him of *Pennington B. Harris*, and asked him if it was all right. *Obadiah* replied that it was all right, if *Pennington* sent him a certain bond, and that he knew or "reckoned" *Pennington* would do that, and that "it was all right." *Sines* told him the bond had nothing to do with the note, to which he made no reply. *Sines* then told him not to purchase any notes or accounts against the note thereafter, as he had bought it. After this conversation, the plaintiff took the note off the hands of his agent, *Sines*. The note set up by *Obadiah H. Harris* as a set-off was not acquired after the conversation alluded to, but was then held by him.

We are clearly of opinion that the facts do not amount to an estoppel. Even on the supposition that the facts are otherwise sufficient to work an estoppel, they lack this essential requisite for that purpose, viz., the note sued upon was not purchased upon the faith of the statements made by the defendant, *Obadiah H. Harris*, but, on the contrary, was purchased and indorsed to the plaintiff before the statements were made. We regard as totally immaterial, the fact that the plaintiff did not receive the note from his agent until after the conversation alluded to. The plaintiff can occupy no better position than could *Sines*, his agent, had he been acting for himself. *Sines* stated to the defendant that he had bought the note, and it does not appear that the defendant knew but that he had bought it for himself, or that the plaintiff had, or was to have, any interest in it. Had the defendant *Obadiah H. Harris* known, (if such were the fact,) or had he been told, that *Sines* was acting in the purchase of the note as agent of the plaintiff, and had exceeded his authority; and had the plaintiff been induced by the statements to ratify the acts of

his agent, and receive the note from him, a different question would have been presented. The following cases are in point, upon the question here involved. *Black* v. *Mitchell*, 14 Ind. 397; *Morrison and Newby* v. *Weaver and Weaver*, *ante*, p. 344; *Wright* v. *Allen*, at the present term.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. H. Jones*, for the appellant.

*A. Steele* and *H. D. Thompson*, for the appellees.