MORRISON and Another *v.* WEAVER and Another.

MORRISON
*v.*
WEAVER. · Where the maker of a promissory note, being informed that a third person is about to purchase the note, promises to pay it within a given time, and thereby induces the purchase, he is estopped from contesting its validity. But where the maker is informed that the note has been already purchased, and promises the assignee to pay it, he is not estopped to contest its validity, as the promise could not have been intended to induce the purchase, even though it should appear that the note was not, in fact, purchased until afterward.

Saturday,
June 8.

APPEAL from the *Wayne* Common Pleas.

DAVISON, J.—This was an action by *Morrison* and *Newby*, who were the plaintiffs, against *Daniel* and *John Weaver*, upon a promissory note for the payment of $55. The note was executed by the defendants to one *Jacob H. Jessup*, and by him, on *April* 25, 1858, assigned to the plaintiffs. Defendants answered by five paragraphs. The first, second and third make no point in the case, and will not therefore be further noticed. The fourth alleges that *Jessup*, the assignor, contracted with the defendants to put up for them, in their mill, a hominy machine, and at the time of the contract, falsely, &c., represented to the defendants that the machine, when so put up, would not cost more than $50; that it would manufacture fifteen bushels of hominy per day, and need no repairing under twelve months. It is averred that *Jessup* put up said machine, and the note in suit was given for a balance due him therefor. But the defendants, in fact, say that the machine so put up would not manufacture fifteen bushels of hominy per day, and was and is wholly worthless. And further, they aver that in addition to said note they paid him, *Jessup*, for such putting up, $30 in money, &c. The fifth paragraph is as follows:

"The note sued on was given for the balance due *Jessup* for putting up for defendants, in their mill, a hominy machine, which he warranted to perform well without repair for one year, and to manufacture fifteen bushels of hominy per day. But defendants, in fact, say that said machine would not manufacture fifteen bushels of hominy per day, and did

not perform well, but gave out in less time than one year, viz., in a few weeks, and the same was and is wholly worthless, &c. To these defenses the plaintiffs replied: 1. By a general traverse. 2. That on *April* 20, 1858, *Jessup*, being desirous of obtaining money on the note in suit, offered to sell the same to the plaintiffs, and thereupon they wrote a letter to the defendants, wishing to know when they could meet the note. The letter so written is in these words:

*" Cambridge City, Ind., April* 17, 1858.
"MESSRS D. & J. WEAVER,

"We would inform you that we hold a note on you for $55, in favor of *J. H. Jessup*, which Mr. *Jessup* has indorsed over to us. Please inform us when you can pay said note, and state if we will have to go after the money, or whether it will be convenient for you to bring it up.

"Yours, &c., MORRISON & NEWBY."

On *April* 25, 1858, the defendants, by letter, replied thus:

*" Abington, Ind., April* 25, 1858.
" MESSRS MORRISON & NEWBY,

" Yours came to hand requesting of us to know when we could meet the amount due on the note held by you in Mr. *Jessup's* favor. Well, we can not meet the note under twelve days, and we will express it, or come out and 'pay it within the time we have set, for certain.

"Yours, &c., D. & J. WEAVER."

It is averred that the plaintiffs, upon the receipt of this letter, bought the note of *Jessup*, and paid for it. The issues were submitted to the Court, who found for the defendant, and over a motion for a new trial, rendered judgment, &c.

The letters relative to the payment of the note by the defendants were given in evidence upon the trial. It was, however, proved that the note, on *April* 17, 1858, the date of the plaintiffs' letter, was in their hands as collateral security for the payment of $19. And upon the receipt of the defendants' letter by the plaintiffs, *Jessup* transferred the note by assignment to the plaintiffs. Upon these proofs, the appellants contend that the defendants were estopped from

setting up the matters alleged in the fourth and fifth paragraphs of the answer. We are not inclined to adopt that position. If the plaintiffs had informed the makers of the note that they were about to purchase it, and they, the makers, upon such information, had represented that they would pay the note within a given time, and thereby induced the plaintiffs to buy it, they would in such case be estopped from contesting its validity. But this exposition does not apply to the case before us. Here, the defendants when they promised to meet the note, had no notice that the plaintiffs intended to purchase it. Indeed, they were then distinctly informed by the plaintiffs, that they held the note as the assignees of *Jessup*. True, they proved on the trial that it was not transferred until after the receipt of the defendants' letter, but that proof can not be allowed to vary the decision of the case; because the defendants, in making the representation that they would " meet the note," must have done so upon the information contained in the plaintiffs' letter, and can not, therefore, be presumed to have intended to induce them to purchase the note. *Sloan* v. *The Richmond, &c. Co.*, 6 Blackf. 175; *Paul* v. *Baugher*, 8 Ind. 501; *Powers* v. *Talbott*, 11 *id.* 1; *Rose* v. *Wallace*, *id.* 112; *Black* v. *Mitchell*, 14 *id.* 397; *Wallis* v. *Truesdale*, 6 Pick. 455; *Cortland* v. *Day*, 1 E. D. Smith, 251. The defendants were not, in our opinion, estopped from setting up the defense pleaded in their answer.

The evidence is upon the record. It tends to prove the alleged failure of consideration, and we are not inclined to say that the finding of the Court is unsustained by the evidence.

*Per Curiam.*—The judgment is affirmed, with costs.

*M. Wilson* and *C. H. Burchenal*, for the appellants.

*O. P. Morton* and *J. F. Kibbey*, for the appellees.