RAY v. MCMURTRY.

ESTOPPEL.—Where the maker of a promissory note is inquired of by a person who has already purchased the note, as to its validity, and answers that the note is all right, and that he will pay it, and that he was glad the purchaser had become the owner of it because he was able to give him more time, and that he would pay him ten per cent. interest if he would wait on him, and that the note was secured by mortgage, and the purchaser agreed to and did wait on him for an indefinite time, and until his assignor became insolvent, in consideration of the increased rate of interest, such facts do not estop the maker to contest the validity of the note or to set up a failure of the consideration thereof.

APPEAL from the *Parke* Common Pleas.

PERKINS, J.—On the 3d of *March*, 1860, *George A. McKinstry* executed his note for 210 dollars to *Jerome Ellis*.

Afterwards, *Jerome Ellis* assigned the note by indorsement to *Andrew Ray*, the plaintiff.

*Ray* commenced this suit by a complaint in the usual form, alleging the execution and assignment of the note, &c.

The defendant answered, admitting the execution and assignment of the note, but averring that he gave the note to *Ellis*, the payee, for the last payment upon the purchase of a tract of land; that at the time of the execution of the note, said *Ellis* made to him, *McMurtry*, a deed for the land so purchased, with full covenants, &c., (making the deed a part of his answer); that these covenants had been broken; and that he had been compelled to, and had paid an outstanding mortgage, executed by *Ellis* himself to one *John Swain*, upon the land purchased, amounting to a fraction over 200 dollars, which he set up by way of set-off, counter-claim, failure of consideration, &c.

The plaintiff, admitting the validity of the answer, as a de-

fence, sought to avoid it. He replied that he, *Ray*, purchased the note, and took the assignment of it from *Ellis*, a short time after it was executed, and that in a few days after he had become the assignee of the note he called on *McMurtry*, the defendant, and informed him of the fact of the assignment of the note; that the defendant said that it was all right; that he should pay the note; that he was glad the plaintiff had got the note, because he was able to wait on him; that he would pay him ten per cent. interest if he would wait on him; that the mortgage on the land mentioned in the answer was not recorded, but that the defendant knew of its existence whilst the plaintiff did not; that under the circumstances the plaintiff gave the defendant time till *Ellis* became insolvent, &c.

The plaintiff replied to the foregoing facts by way of estoppel upon the defendant to set up the payment of the mortgage to *Swain* in bar of so much of the suit of the plaintiff upon the note.

The Court below held that there was no estoppel, and the correctness of that ruling is the only point presented in the case.

Do the facts stated in the reply estop the defendant to avail himself of the payment upon the mortgage to reduce the amount to be otherwise recovered by *Ray* upon the note? The estoppel contended for is called an estoppel *in pais*, and arises upon some word, act, or representation of a party touching a matter of interest, made under circumstances putting the party in fault, whereby another party, without negligence on his part, is induced to act in the belief that a given state of facts exists; and when he has so acted the party inducing such belief and consequent action, shall not dispute the existence of the believed state of facts to the prejudice of the pecuniary interests of the party who has acted upon it.

Ray *v.* McMurtry.

In the case at bar, what act or representation did the defendant do or make? He represented that the note was good and that he would pay it, and pay ten per cent. for time. What act did the plaintiff perform touching his interest on that representation?

He did not purchase the note upon it. He did delay suit upon the note. Was he without fault or negligence in so doing? There was no consideration for his delay. The promise to pay ten per cent. interest was illegal and not binding. It was the fault of the plaintiff if he had not as full knowledge of the *Swain* mortgage as had the defendant. *Ellis*, from whom the plaintiff purchased the note, knew it; and it was certainly very careless in the plaintiff, in buying the note, not to inquire as to its consideration, and the probable security for its payment, and the defences which might arise against it. And his voluntarily delaying suit, indefinitely, without a consideration, or security, on the defendant promising generally to pay the note, a promise already contained in the note itself, and which promise was subject to the right to set up defence that might arise, does not enable him to estop the defendant from setting up defences which the law authorizes. The promise outside of the note, being upon no new consideration, is no more sacred than the promise contained in the note.

We do not think the defendant has placed himself under any new obligations to the present plaintiff, which make his relation to him, touching the note in suit, different from that which he sustained to the original payee. He has not made a contract with him upon a consideration upon which he can be sued, nor do his acts estop him.

See the cases of *Morrison* v. *Weaver*, 16 Ind. 344; *Wright* v. *Allen*, *id.* 384; and *Carter* v. *Harris*, *id.* 387, and cases cited in them.

· *Per Curiam.*—The judgment is affirmed, with 5 five per cent. damages and costs.

*S. F.* and *D. H. Maxwell*, for the apppellant.[1]

*Crain & Allen*, for the appellee.[2]