## RIDGWAY v. MORRISON.

ESTOPPEL.—An action for the recovery of real estate was tried on the 29th
of *July*, 1865, and the judge to whom the cause was submitted was then
ready to pronounce judgment for the plaintiff, but at the request of the
defendant, and for his sole accommodation, it was agreed that the judge
should hold the case under advisement, and that the judgment, when
entered, should be entered as of the date of *July* 29th. In pursuance of
this agreement, the record was signed by the judge, leaving a sufficient
space to insert the judgment, and on the 17th of *January*, 1866, without
objection on the part of the defendant, the judgment was entered up, as
of *July* 29th, 1865. In a suit by the former defendant for a new trial,
as of right, and to enjoin proceedings under the judgment,
*Held*, that he was estopped to deny that the judgment was rendered on
*July* 29th.
*Held*, also, that the record, in the absence of fraud, being regular on its
face, was conclusive upon the parties.

APPEAL from the *Laporte* Circuit Court.

ELLIOTT, J.—Complaint by *Ridgway* against *Morrison* and
*Phelps* to correct an alleged error in the date of a judgment
rendered in the *Laporte* Circuit Court in favor of *Morrison*

(201)

against *Ridgway*, for the recovery of real estate, and for a new trial of the cause in which the judgment was rendered, as of right, upon payment of the costs; and also to enjoin an execution issued thereon and placed in the hands of the defendant *Phelps*, the sheriff of said county.

The original action, in which the judgment was rendered, was tried at a special term of the court, on the 29th day of *July*, 1865, by a judge specially appointed to try said cause, and a final judgment rendered as of that date, but which, it is alleged in the complaint, was not in fact rendered on that day, but on the 17th day of *January*, 1866. The right of the plaintiff in this suit to a new trial in the original cause, as claimed, depends upon the question whether said judgment should properly be dated in *January*, 1866.

*Morrison* answered by a general denial, and also that the plaintiff, for certain reasons stated in that paragraph of the answer, was estopped from denying that said judgment was rendered on the 29th of *July*, 1865. To this paragraph a demurrer was overruled, and the plaintiff then replied by a general denial.

The issues thus formed, by agreement of the parties, were tried by the court, who thereupon found as follows, viz:

"The court finds that the judgment mentioned in the complaint was actually rendered in *January*, 1866, but in pursuance of an agreement made by the attorneys of record of each party, in open court, on the 29th day of *July*, 1865, and by consent of plaintiff's attorney of record, at the time, the said judgment was entered as of the latter date in the order book of this court, in a blank space left for that purpose over the signature of the judge of this court for the time being; that with full knowledge of all the facts, the plaintiff made no objection to the regularity of said judgment; that said plaintiff did, on the 1st day of *December*, 1866, pay to the clerk of this court the costs of the suit which resulted in said judgment, and that he did, on the 3d day of *August*, 1866, make his motion for a new trial under the code. The court further finds that said agree-

ment was made for the sole accommodation of said plaintiff, and but for said agreement judgment would have been rendered on the said 29th day of *July*, 1865; that the said defendant *Morrison*, acting on the faith of said judgment, did, on the 1st day of *February*, A. D. 1866, pay to the clerk of this court the sum decreed against him therein, including interest from said 29th day of *July*, 1865. From which facts, as a conclusion of law, the court finds that said plaintiff is estopped from denying that such judgment was rendered on the latter day, and therefore that said plaintiff is not entitled to a new trial on the payment of costs at the time aforesaid." To which conclusion of law the plaintiff at the time excepted.

The facts found by the court are, in substance, the same as those set up in the defendants answer by way of estoppel. Final judgment was rendered for the defendant. The plaintiff appeals.

The conclusion of law stated by the court, as arising upon the facts so found, that the plaintiff is estopped from denying that the judgment was rendered on the 29th day of *July*, 1865, as the record thereof imports, is controverted by the appellant. This is the only question in the case.

Lord COKE says: "An estoppel is where a man is concluded by his own act or acceptance to say the truth." The principle is, that the acts and admissions of a party operate against him in the nature of an estoppel, "where, in good conscience and honest dealing, he ought not to be permitted to gainsay them." This is called an estoppel *in pais*.

"As a general rule, a party will be concluded from denying his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, when such denial will operate to the injury of the latter." *The Welland Canal Co.* v. *Hathaway*, 8 Wend. 480; *Dezell* v. *Odell*, 3 Hill 215; 2 Smith's L. C., pp. 581, 619, 642; *Ray* v. *McMurtry*, 20 Ind. 307.

Here, it appears by the finding of the court, that the trial of the case was concluded on the 29th day of *July*, 1865;

that the court, to which the cause was submitted, was then prepared to decide it, and would have announced the decision at that time, but for the agreement of the parties that the judge should then sign the order book containing the proceedings of the court in the case, leaving a blank space over said signature, and take the case under further advisement, and that, when decided, the judgment should be recorded in such blank space, as of the day on which said trial was concluded, which agreement and postponement were made for the "sole accommodation of said plaintiff," and that the judgment was subsequently rendered and entered in the blank space in the record, in accordance with said agreement, and the plaintiff, with full knowledge of the fact, made no objection thereto.

By his own act and agreement that the judgment, when given, should be entered as of the day on which the trial was concluded, the appellant induced *Morrison* to agree that the judge should hold the case under further advisement. The postponement was made, too, for the accommodation of the appellant alone; and now to permit him to deny that the judgment was entered on the day it bears date, would be an injury to *Morrison*, and in violation of "good conscience and honest dealing." He is, therefore, estopped from controverting the verity of the record. Besides, the judgment is regular on its face, and bears date of the 29th of *July*, 1865, and, in the absence of fraud, is conclusive upon the parties.

The judgment is affirmed, with costs.

FRAZER, C. J., was absent.

*J. Bradley*, for appellant.

*J. B.* and *W. Niles*, for appellee.