## McCABE and Others *v.* RANEY.

ESTOPPEL IN PAIS.—A party will be concluded from denying the truth of his own admissions, which were intended to influence the conduct of another and did so influence it, when such denial will operate to the injury of the latter.

·SAME.—*Principal and Surety.*—Any act of the principal which estops him from setting up a defense personal to himself, operates equally against his surety.

SAME.—*Promissory Note.—Assignee.*—Where the principal maker of a promissory note not governed by the law merchant was informed by a person that the latter was about to purchase said note, and would do so if it was good and if there was no defense to it, and said principal thereupon informed said person that the note was good, that there was no defense to it, and that it would be paid to said person if he should purchase it, and, by reason of said representations, said person thereafter purchased the note and the same was assigned to him;

*Held,* in a suit on the note by a subsequent assignee of such purchaser, that the principal and his sureties were estopped from setting up a defense, personal to the principal, existing at the time of said representations.

PRACTICE.—*Pleading Stricken Out.*—There is no error in striking out, on motion, a paragraph of an answer, where all the material allegations thereof are covered by the averments of a remaining paragraph of the answer and every matter of defense alleged in the former can be given in evidence under the latter.

APPEAL from the Ripley Common Pleas.

ELLIOTT, J.—This was an action by Raney, as assignee, against the appellants, Squire L. McCabe, James S. McCabe, and Joseph H. Muir, on a promissory note executed by the appellants, on the 10th of January, 1867, to George P. Tyler, for nine hundred dollars, payable nine months after date, which was assigned by Tyler to George W. Hunter, by him to Rice, and by Rice to Montgomery Allen, who indorsed it to the plaintiff.

The appellants answered in nine paragraphs, to all of which demurrers were sustained, except the second, third, seventh, and ninth. The seventh was stricken out on motion.

The second paragraph alleges, that the note was given by Squire L. McCabe as principal, and by the other makers

as his sureties, for a patent right purchased of Tyler, the payee, to the State of Wisconsin, in what was claimed to be a new and useful improvement in fanning mills; and then sets up an alleged false and fraudulent warranty made by Tyler at the time of the purchase, as to the quality, performance, usefulness, and character of said fanning mill, and the amount that could be made by the sale of said patent in the State of Wisconsin. All of which is alleged to be false and fraudulent.

The third paragraph alleges, that the note was executed without any consideration whatever.

The ninth avers substantially the same facts as the second, and concludes by claiming, on account of said warranty, a recoupment in damages of seven-eighths of said note.

To these paragraphs the plaintiff replied, first, the general denial; and, second, by way of estoppel, that Hunter, before he purchased the note of Tyler, called on Squire L. McCabe, the principal in the note, and informed him, that he, Hunter, was about to purchase the note, and would do so, if it was good, and if there was no defense to it; that said McCabe thereupon informed him that the note was good, and there was no defense to it, and that it would be paid to said Hunter if he should become the purchaser thereof; that said Hunter, by reason of said representations and statement of said McCabe, did thereafter purchase said note of Tyler. Wherefore, the defendants are estopped from setting up said defense to the action.

A demurrer was filed to the second paragraph of the reply, which the court overruled, and the appellants excepted, and thereupon notified the court that they would rely on the demurrer. Whereupon, final judgment was rendered for the plaintiff for the amount of the note and interest.

It is contended for the appellants, that the facts alleged in the second paragraph of the reply, even if valid as an estoppel as to Squire L. McCabe, are not so as to James McCabe and Muir, as they did not make or participate in

the statements alleged therein; and that the demurrer should therefore have been sustained.

To this it may be answered, that the patent right was not sold to James McCabe and Muir, nor was the alleged false and fraudulent warranty, set up in the answer, made to them, but to Squire L. McCabe, the principal in the note. The defense set up was not personal to them, but to their principal. They had no interest in the contract; and the defense set up is available to them because the plaintiff is not entitled to a judgment against them as sureties unless he can recover against the principal. Any act of the principal which estops him from setting up a defense, personal to himself, operates equally against his sureties.

It is *conceded by the* appellants' counsel, in argument, that the facts alleged in the reply are sufficient to constitute an estoppel, as against Squire L. McCabe, under repeated rulings of this court. But it is claimed that as the defense set up in the answer existed before the appellants had notice of the assignment, it continues to be a valid defense under sec. 3 of the act of 1861, concerning promissory notes, &c. (2 G. & H. 658), notwithstanding the matter alleged by way of estoppel.

The section referred to is as follows:

"Whatever defense or set-off the maker of any such instrument had, before notice of assignment, against an assignor or against the original payee, he shall have also against their assignees." This section is but a re-enactment of the law as it has long existed in this State. Promissory notes not governed by the law-merchant are, nevertheless, negotiable under our statute, but their being transferred by assignment does not debar the maker from setting up any defense or set-off he may have against the payee, unless it should be acquired after notice of the assignment. But this has nothing to do with the question of estoppel. It is conceded that, aside from the matter alleged as an estoppel, the defense set up is a valid one; but it is claimed that the appellants are estopped from setting it up by the acts and

statements of the principal in the note, after its execution, which, if permitted now to make the defense, would operate as a fraud upon the plaintiff.

"An estoppel," says Lord COKE, "is where a man is concluded by his own act or acceptance to say the truth." A party will be concluded from denying the truth of his own admissions, which were intended to influence the conduct of another, and did so influence it, when such denial will operate to the injury of the latter. *Ridgway* v. *Morrison,* 28 Ind. 201. Here it is alleged, that Hunter, when about to purchase the note, called on the principal maker, and informed him of the fact, and asked for information concerning it, and was assured by McCabe that the note was good, that he had no defense to it, and, if Hunter purchased it, it would be paid to him; and that, relying upon said statements, Hunter did purchase it. And now, if McCabe is permitted to set up a defense existing at the time, it would be a fraud on Hunter and his subsequent assignees. That he cannot be permitted to do so, is too well settled to require a reference to the cases.

Another ground urged for a reversal is, that the court erred in the striking out the seventh paragraph of the answer. We do not think so. All the material allegations of that paragraph are covered by the averments in the second, and every matter of defense alleged in the former could be given in evidence under the latter, and the court, therefore, did right in striking it out.

This question is rendered wholly unimportant by the decision upon the reply to the other paragraph, as the estoppel would also apply to it.

The judgment is affirmed, with costs and five per cent. damages.

*E. P. Ferris* and *H. T. Lipperd,* for appellants.

*H. W. Harrington,* for appellee.