## Stutsman *v.* Thomas.

ESTOPPEL.—*Pleading.*—*Promissory Note.*—In a suit by the assignee of a promissory note, negotiable under the statute, against the maker, where the answer was want of consideration, there was a reply that after the purchase of the note, it was shown to defendant, who stated that it had been altered; that

plaintiff thereupon told defendant that if it had been so altered, the assignor had committed a fraud upon the plaintiff, and that he would proceed at once to procure a rescission of said contract of assignment; that the assignor was then in the same town, but resided in New York; that the maker requested delay and promised to see the assignor, and did so see him, and, returning, informed the plaintiff that the matter was satisfactorily arranged, and he would pay the note, and therefore the plaintiff did not rescind said contract; wherefore the defendant was estopped from denying his liability.

*Held,* that the reply was bad, as it alleged no damage to the plaintiff by reason of the promise.

SAME.—*Evidence.*—Such promise might be given in evidence on the trial, but could not operate as an equitable estoppel.

APPEAL from the Elkhart Common Pleas.

DOWNEY, J.—The appellee sued the appellant. The complaint has two paragraphs. The first is upon a promissory note for fifty dollars, executed by the defendant to one John H. Vanness, and indorsed by him to the plaintiff; and the second is upon a promissory note for thirty dollars, made by the defendant to W. A. Thomas & Co., and by them indorsed to the plaintiff. No question is made as to the note set out in the second paragraph of the complaint. The second paragraph of the answer was addressed to the first paragraph of the complaint, and alleged that the note therein mentioned was executed without any consideration whatever. The third paragraph, which is also to the first paragraph of the complaint, alleges that the note set up in that paragraph was given in consideration that the payee thereof would convey to the defendant and others the right to use and vend H. R. and M. T. Barnes' patent improvement for sinking tube wells in and for Concord township, Elkhart county, in the State of Indiana, and that the payee thereof would cause to be sunk and made one of the said wells for the said parties, and put the same in good working order, this defendant paying for the pipes, and for no other consideration whatever; that at the time of the execution of said note, and as an inducement thereto, the payee of the same represented and warranted to this defendant that the said H. R. and M. T. Barnes' improvement, which he was then

offering to sell, had been patented by the proper authorities; that it was a new and useful improvement, and that he was authorized to sell the same; that upon sinking the same to the proper depth, it would continue a good and lasting well, and would never pump or draw sand; and then and there agreed, in writing on the back of said note, that if it did not so operate, and if his said statements were not true, the said note should be void; which writing has been destroyed, without the consent of the defendant; when in truth and in fact no patent was ever issued upon the said pretended improvement, and the same was not new and useful, but was then and there of no value whatever, and upon the tube being sunk to the proper depth, it would not constitute a well of any value, but would continually draw sand, and the said payee then and there had no authority to sell and convey the same whatever, and never did so sell and convey the same, and never did so sink and construct the said well; all of which the said payee then and there well knew. In the fourth paragraph of the answer, the defendant says he denies that he executed the note in said first paragraph of the complaint mentioned as therein described, and as it now exists; and although he says the signature thereto attached is his signature, he says that at the time it was affixed to the said note, and at the time it was executed, it contained on the back thereof, and which composed a part of the said note, a written contract, signed by the payee of the said note, in substance, that if the patent right which was the consideration for the said note did not work successfully and give good satisfaction and perform as represented, the said note should be void; that since the execution of the said note, the same has been altered and changed by the removing and destroying of the said contract on the back of the said note. This paragraph of the answer was verified by the oath of the defendant.

To the second and third paragraphs of the answer, the plaintiff replied, first, the general denial; second, he admits that the note was executed in consideration of a certain in-

Stutsman *v.* Thomas.

terest in the patent right in the answer mentioned, which the said defendant purchased, in connection with Samuel Stutsman, Daniel Shupert, Levi Stutsman, George Boop, and Daniel Lutz, and that said persons, in connection with the defendant, purchased the right to use the same jointly, but the plaintiff says that the defendant is estopped from setting up the matters and things in the said paragraphs mentioned, for the following reasons, to wit: that the plaintiff, a few days after the said note was transferred to him, and whilst the assignor was yet in the town of Goshen, saw the defendant and notified him of the assignment of the said note to him and showed the same to him, and asked him whether the said note was valid and right, and also told the said defendant that if he had any valid defence to said note, to make the same known to him then, before the assignor left the town, so that the said contract of assignment might be rescinded by the plaintiff, as the said assignor had represented the said note as being all right and valid to the plaintiff before and at the time of the assignment, and had guaranteed the consideration to be good and valid, and promised to take the same back and return the money paid for the same to plaintiff, if objection thereto was made by the defendant, and the plaintiff says that the defendant, at the time of the notice before named, told the plaintiff that he would not say the said note was all right until he had seen the said assignor; that after a short period of absence from the place above named, where the above conversation was had, the defendant returned to this plaintiff's place of business, and said to him that the note was all right, and that he and the assignor had fixed it up, and that this plaintiff should keep the said note, and not rescind the said contract of assignment, that he would pay the note when it became due; and the plaintiff says that at the time of the conversation above recited, the said assignor was in the town of Goshen, in Elkhart county, and that had it not been for the fact that the defendant informed him after consultation with the assignor that the said note was all right and would be paid, he

could and would have then and there procured a rescission of the said contract of assigment, and received back the consideration which he paid for said note, but by reason of the conduct of the defendant, he took no steps to procure a rescission of the said contract; that the said assignor is now a non-resident of the State of Indiana, and is believed to reside in the State of New York; wherefore, etc.

The third paragraph is the same, in substance, as the second, but in addition, it alleges that after the first conversation between the plaintiff and defendant about the note, the defendant received of the assignor property of the value of five dollars, in consideration of which he returned to the plaintiff, and said that the matter with reference to the note was fixed up, that it was all right, and promised that he would pay it.

In the fourth paragraph, it is alleged that the defendant is estopped to set up the defence, because that ever since the purchase of the said right to use and vend the said patent mentioned, in the place mentioned, the defendant has used and sold said patent in said township, and is still using and selling the same as the patent of the said H. R. and M. T. Barnes; that in the use and sale of said patent he has made a profit of five hundred dollars and more, which he retains, and also retains and uses the said patent right; wherefore, etc.

To the fourth paragraph of the answer, the plaintiff replied, first, the general denial; and, second, that the defendant is estopped from alleging the defence in said fourth paragraph set up, for the reason that after the said note came into the possession of the said plaintiff, the same was shown to the defendant, and he had full and complete inspection thereof; that after he inspected the same in the presence of the plaintiff, he made some objection to the same on the ground of an alleged alteration thereof, and said that the same had been altered; that this plaintiff then told the said defendant that if it had been altered, the said assignor had committed a fraud upon him, and had laid himself liable to

Stutsman *v*. Thomas.

a criminal prosecution for fraudulently altering and passing said note, and that he could and would proceed at once to procure a rescission of his contract of assignment; that the said assignor was then in the town of Goshen; that his place of residence was in the State of New York, which the defendant well knew, and proposed starting at once to secure a rescission of said contract. The paragraph then proceeds to allege, as the second paragraph of the reply to the second and third paragraphs of the answer, that the defendant saw the assignor, and on returning to the plaintiff said the matter was arranged, and he would pay the note, etc.

Demurrers to the second, third, and fourth paragraphs of the reply to the second and third paragraphs of the answer, and also to the second paragraph of the reply to the fourth paragraph of the answer, for the reason that they did not state facts sufficient to constitute a reply, were filed by the defendant. The demurrer to the fourth paragraph was sustained, and the others overruled, by the court, and the defendant excepted. A trial by jury resulted in a verdict for the plaintiff. A motion was made by the defendant for a new trial, which was overruled, and judgment was rendered for the amount of the verdict.

The errors assigned, which raise any questions, are as follows:

First. That the court erred in overruling the demurrer of the defendant to the second paragraph of the plaintiff's reply to the second and third paragraphs of the defendant's answer to the first paragraph of the complaint.

Second. That the court erred in overruling the defendant's demurrer to the third paragraph of the plaintiff's reply to the second and third paragraphs of the said answer.

Third. Overruling the defendant's motion to strike out a portion of the third paragraph of the plaintiff's reply to the second and third paragraphs of said answer.

Fourth. In overruling the defendant's demurrer to the second paragraph of the plaintiff's reply to the fourth paragraph of the answer.

The fifth relates to the challenge of a juror, and the sixth to the exclusion of evidence, matters which should be embraced in the motion for a new trial, in order to be properly presented to this court.

Seventh. Overruling the defendant's motion for a new trial.

We think the same question, substantially, is presented by the first, second, and fourth assignments of error. That question is, whether or not the matters set up in the paragraphs of the reply are such as show that the defendant is estopped to set up the matters stated in his answer, as a defence or as defences to the note on which the first paragraph of the answer is predicated. If the maker of a note, by himself or his agent, represent to a person about to take an assignment of the note that the note is valid, and that he has no defence to it, he will be estopped to plead a failure of consideration to a suit on the note by such assignee. *Vanderpool* v. *Brake*, 28 Ind. 130; *McCabe* v. *Raney*, 32 Ind. 309. There are many other cases to this effect in this court.

On the other hand, it is equally well settled that such statements or admissions made by the maker of the note to the assignee or indorsee, after he has become the owner of the note by assignment or indorsement, will not estop the maker to set up his defences to the note. *Patrick* v. *Jones*, 21 Ind. 249; *Ray* v. *McMurtry*, 20 Ind. 307; *Jones* v. *Dorr*, 19 Ind. 384. There are probably other cases to the same effect in this court.

But it is sought to exempt the case under consideration from the operation of the rule laid down in these last cases, by stating in the replies that the assignor of the note was at Goshen, in this State; that the assignee went to the defendant and told him this, and also that if he had any defence against the note, he would go to the assignor and rescind the contract by which he had acquired the note, and that the maker of the note, after having seen and communicated with assignor, returned and said that the matter was arranged be-

tween him and the assignor of the note, and that he would pay the note; that the appellee, in consequence of this statement, did not take any steps to rescind the contract.

It is not alleged in any of the paragraphs of the reply that by the contract between the appellee and Vanness, the appellee had a right, in case of an objection by the maker to the payment of the note, to rescind the contract of assignment. It is true that one or more of them alleges that the appellee told the appellant in the conversation which they are alleged to have had about the note, that he had such right. Possibly, however, this does not make any very material difference, as the assignee of a promissory note, given without any consideration, may sue the assignor at any time, and without having previously sued the maker. *Fosdick* v. *Starbuck*, 4 Blackf. 417; *Howell* v. *Wilson*, 2 Blackf. 418.

It is not alleged in the paragraph of the reply that the appellee was about to commence legal proceedings against the assignor at Goshen, that he informed the appellant of this fact, and that in consequence of anything said or done by the appellant, the appellee refrained from instituting such legal proceedings, and thereby lost the legal remedy against the assignor by suit in this State. Nor is it alleged that there was any loss to the appellee by or in consequence of any delay or postponement of his remedy or action against the assignor. In every well considered case where the doctrine of equitable estoppel has been laid down and applied, the element of, damage or loss to the party setting up the estoppel has been mentioned as an essential one. If he would suffer no damage by allowing the party to retract his statement, it has never been held that there was any estoppel. Thus in *Ridgway* v. *Morrison*, 28 Ind. 201, it is said: "As a general rule, a party will be concluded from denying his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, when such denial will operate to the injury of the latter." That this is an essential element in a valid and binding estoppel, see 2 Smith Lead. Cas. 642, *et seq.,* and cases there

cited.  All that we learn from the paragraphs of the reply is, that in consequence of the acts and statements of the appellant, the appellee did not go to Vanness and rescind the contract by which the note had been assigned to him.   It is not alleged that the assignor immediately left Goshen for New York, or if he did so leave, that he did not return the next week, or at some other time, or that the appellee could not at any time, or cannot now, rescind the contract with him. It is not shown that the contract could not have been rescinded without the presence of Vanness at Goshen, as well as with it.   It is not stated that Vanness has become or is insolvent. In short, it is not shown that the appellee has been injured by the statements made by the appellant to him, or that he will suffer any damage or injury by allowing him to contradict them by setting up and insisting upon his proposed defences.   The appellee claims that, in consequence of the statements made to him, he omitted to do that which otherwise he would have done, that is, rescind the contract; but he does not show that he has been or will be injured by his omission to act.   In our opinion, the court erred in overruling the demurrers to the paragraphs of the reply in question. Of course, the statements of the appellant may be used in evidence against him, but we do not see that he ought to be concluded by them by applying to them the doctrine of estoppel.

The other points presented by the assignment of errors need not be considered by us, as the judgment must be reversed for the reason given.

The judgment is reversed with costs, and the cause remanded, with instructions to sustain the demurrers to the replies, and for further proceedings.

A. S. Blake and R. M. Johnson, for appellant.

J. A. S. Mitchell and J. H. Baker, for appellee.