BOULTON, GUARDIAN, *v.* BLACK.

GUARDIAN AND WARD.—*Services of Ward.—Contract.—Estoppel.*—Where a guardian has knowledge of an agreement between his minor ward and her mother and a third person, that such ward shall serve such person at a certain price to be paid to the minor, and allows such agreement to be executed, and the amount paid to the minor, without objection, he is estopped from collecting the amount as guardian.

From the Switzerland Circuit Court.

*J. A. Works* and *J. D. Works*, for appellant.

*L. O. Schrœder, W. D. Ward* and *T. Livings*, for appellee.

BIDDLE, J.—Suit by appellant as guardian of Leota L. Lemon, a minor, to recover for the services of the minor rendered to the appellee. The complaint is in the form of a common count, with a bill of particulars.

The sufficiency of the third and fourth paragraphs of answer, to which separate demurrers for the want of facts were overruled, and upon which ruling judgment was rendered for the appellee, is the only question in the case.

The third paragraph of answer admits that the plaintiff is guardian, that Leota is a minor, and that the services were rendered for the defendant, as averred in the complaint, but alleges that Leota is the daughter of Charles Lemon, who is dead; that Margaret Boulton, with whom the plaintiff intermarried after the death of Charles Lemon, is the mother of Leota; that, after the death of .Charles

Lemon, the mother and daughter continued to reside in the homestead of the said Charles; that, after the intermarriage of the mother with the plaintiff, he resided with them in said homestead, and was appointed the guardian of Leota; that it was agreed by Leota and her mother, with the defendant, that Leota should serve him in the capacity of a house servant, with board and lodging, for two dollars per week, which amount was to be paid to Leota; that Leota rendered the services accordingly; that, before the commencement of this suit, the defendant paid to Leota the said amount due to her, with a full knowledge of the plaintiff, without any objection from him, which amount was expended for the support and benefit of Leota, with the full knowledge of the plaintiff, without objections from him; that said plaintiff, well knowing all said facts, suffered and allowed said payments to be made, and said money to be so expended, without objection, and without claim or demand for said work, etc.

Other facts are averred in the answer which do not seem to us to be of any importance to the case.

The fourth paragraph of the answer is the same in principle as the third; for that reason it is not set out.

The contest, as it appears from the briefs of the parties, seems to be as to who is entitled to the wages of the minor,—whether the mother, as her natural guardian, after the death of her father, or the plaintiff, as the legal guardian appointed by law; but it does not seem to us that this is the turning point of the case. Let it be assumed that the appellant was entitled to the wages of the minor; we think the facts averred in the answer constitute a defence to his complaint. If the appellant knew, as the answer avers, that the minor and her mother had agreed with the appellee, as to the services, the amount, and the payment to the minor, and allowed the agreement to be executed, and the amount paid to the minor, without ob-

jection, he is estopped from collecting the amount as guardian. *Lane* v. *Miller*, 27 Ind. 534; *Williams* v. *Jackson*, 28 Ind. 334; *The State* v. *Pepper*, 31 Ind. 76; *McCabe* v. *Raney*, 32 Ind. 309.

· The judgment is affirmed, at the costs of the appellant.