No. 9821.

## HOOVER ET AL. *v.* KILANDER.

PROMISSORY NOTE.—*Representation to Assignor After Assignment.—Consideration.—Estoppel.*—A representation made by the maker of a promissory note to the assignee after its assignment, that he has no defence thereto, does not estop him from afterwards setting up, in a suit thereon, the defence of want or failure of consideration; but a representation made before assignment and relied upon by the assignee may work an estoppel.

From the Huntington Circuit Court.

*L. P. Boyle* and *B. M. Cobb,* for appellants.

*J. C. Branyan, C. W. Watkins* and *M. L. Spencer,* for appellee.

ELLIOTT, J.—The appellants declared upon three promissory notes, not payable in bank, executed by the appellee to one Thomas L. Lucas, and endorsed to them by him. The appellee answered that the notes were executed in payment for eighty acres of land purchased of Lucas; that he had paid part of the purchase-money; that he received from Lucas a warranty deed; that by a prior judgment of the Huntington Circuit Court he was evicted from forty acres of the land; that he has been compelled to pay, to save the remaining forty acres from sale, a vendor's lien of $240.15 and costs, and taxes to the amount of $50.86; that taking all the money paid it makes a sum greater than the value of the forty acres retained by him; that Lucas is notoriously insolvent, and that nothing can be realized upon his covenant of warranty.

To this answer the appellants replied, that when Lucas assigned the notes he was solvent; that ten days after the assignment they met the appellee; that he said to them that the notes were given for a valuable consideration; that he had made a very advantageous purchase; that the land was worth far more than he had agreed to pay for it; that there was no defence to the notes, and that they would be promptly paid; that appellee knew that they relied upon his promise to pay the notes at maturity.

The court did not err in sustaining a demurrer to the reply. It has long been the rule in this State that a representation made by the maker of a note to the assignee after assignment, that he has no defence to the note, does not estop him from afterwards setting up the defence of want or failure of consideration. A representation made before assignment, and relied upon by the assignee, may work an estoppel, but when made after the assignee has parted with his money and acquired the note, it will not have that effect. *Morrison* v. *Weaver*, 16 Ind. 344; *Carter* v. *Harris*, 16 Ind. 387; *Black* v. *Mitchell*, 14 Ind. 397; *Ray* v. *McMurtry*, 20 Ind. 307; *Patrick* v. *Jones*, 21 Ind. 249; *Stutsman* v. *Thomas*, 39 Ind. 384.

Judgment affirmed.