HARDY *v.* MERRIWEATHER.

A railroad company has power to take notes originating in a transaction, or to secure an indebtedness, within the scope of their corporate undertaking; and as a general proposition, a corporation has power to assign a note that it has power to take.

The abandonment of the construction of a railroad, does not, of itself, constitute a defense to a suit to recover debts due the company: whilst the corporate organization remains, they may collect dues in their corporate name, for the payment of debts.

The general denial admits the capacity of the plaintiff to sue.

Representations that the company have stock enough to complete the road, and would do it in two years, are too vague to constitute a defense to a suit on notes given for an installment of a subscription.

An answer, in such a suit, denying that the company has given the defendant his stock, is bad—they are at most only bound to conditionally tender it.

APPEAL from the *Scott* Court of Common Pleas.

PERKINS, J.—Suit upon promissory notes. Judgment for the plaintiff.

The complaint alleged that the notes were executed by *Hardy* to the *Fort Wayne and Southern Railroad Company*, and that, on the 16th day of *February*, 1859, they were assigned by said company to the plaintiff, the assignment being executed by *Eli McCauley*, the company's treasurer.

The defendant answered in eight paragraphs—

1. By the general denial.

2. Averring abandonment of the construction of the road by the company.

3. Payment.

4. Averring that, at the date of the notes, the company represented to the defendant that they had stock enough subscribed to complete the railroad in two years, and that it would be completed in that time, which representations were not true.

5. Setting up a set-off.

6. Averring that the company have not assigned to the defendant stock subscribed by him.

7. Averring abandonment, as in the second paragraph.

May Term,
1860.

HARDY
v.
MERRIWEA-
THER.

8. Denying the power of the company to assign the notes.

A demurrer was sustained to all the paragraphs of the answer, except the first, third, and fifth.

Upon those, issues of fact were formed, tried, and found for the plaintiff below.

No evidence was offered to sustain the answer of payment.

The set-off relied upon consisted of scrip issued by the railroad company.

The only evidence tending to support the answer of set-off was the testimony of *Elisha G. English.* He stated that the defendant applied to him to obtain a quantity of the scrip of the company, then held by him as the agent of the company; that an arrangement was planned to let the defendant have the scrip, but that it was not consummated till about the time of the trial, when the scrip was delivered.

This evidence did not establish the existence of a set-off before notice of the assignment of the notes.

And it might here be inquired how it came that the agent of the company had scrip of the company to sell for the company. Was it scrip that had been issued to creditors, and once redeemed? Why not pay the debt to the company, rather than buy scrip of the company to pay the debt with. Was the scrip reissuable?

In this case, these questions are of no importance.

We now proceed to examine the answers held bad on demurrer; and,

1. Of the denial of the power of the company to assign the notes.

The company had power to take the notes. They originated in a transaction, and were to secure an indebtedness, within the scope of the corporate undertaking. *Smead* v. *The Indianapolis, &c., Railroad Co.,* 11 Ind. R. 104. And, as a general proposition, a corporation has power to assign a note that it has power to take. See *Hankins* v. *Shoup,* 2 Ind. R. 342. The assignment, in fact, being set out in

the complaint and not denied by answer under oath, was admitted.

2. The abandonment of the construction of the road does not, of itself, constitute a defense to a suit to recover debts due the company chartered to accomplish such construction. Abandonment of the prosecution of the undertaking does not release the company from debts contracted while its prosecution was continued; and while the corporate organization remains, dues to the corporation may be collected in the corporate name for the payment of debts. After the corporate existence has ceased, creditors may still pursue its assets by proceedings against the debtors and stockholders. Redf. on Railw., p. 77, and note.

In this case, the general denial was answered, and that answer admitted the corporate capacity of the plaintiff to sue.

3. The representations that the company had stock enough to complete the road, and would do it in two years, are too vague, and manifestly nothing more than expression of opinion. No amount of stock was stated as being subscribed, nor does it appear but that the defendant knew the exact amount, and its probable solvency, so that he could judge for himself whether it was sufficient for the construction of the road. See *The Railroad Co.* v. *Rodrigues*, 10 Rich. (S. C.) 278; *Anderson* v. *The Newcastle, &c., Railroad Co.*, 12 Ind. R. 376.

4. The answer denying that the company had given the defendant his stock, is bad. Suppose, as the appellant contends, that the delivery of the stock and the payment of the notes were to be concurrent acts, like the delivery of a deed and the payment of the last installment of purchase-money on a contract for the sale and conveyance of real estate; still the company were bound to conditionally tender only, not actually deliver the stock. This was settled in *Gorham* v. *Reeves*, 1 Ind. R. 421.

In this case, therefore, the answer did not deny the performance of the act the company were bound to perform, even on the supposition that they were bound to perform

May Term,
1860.

some act. See, however, *The New Albany, &c., Railroad Co* v. *McCormick,* 10 Ind. R. 499.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*W. K. Marshall,* for the appellant.