*A. B. Carlton* and *R. M. Weir,* for the State.

BISH *v.* BRADFORD.

Proceedings in aid of execution against a railroad company. *A.,* who was
alleged to be indebted to the company on a subscription of stock, was made
a defendant to answer as to such indebtedness, and appeared and answered
that his said subscription was procured by false and fraudulent represent-
ations, on the part of the agents of said company, in this, to wit: that

said agents represented that the company had already sufficient stock subscribed to complete said road within eighteen months, and only desired subscriptions from the defendant, and others along the line of said road, as an evidence of their friendly disposition to the road; that defendant, relying on the truth of said representations, and believing the same to be true, and that said road would soon be completed, and the value of his land be thereby largely increased, made said subscription; that, in fact, said company had not sufficient means to procure and clear the track for said road, and that said road had been abandoned, &c.

*Held,* that the facts stated in the answer were not sufficient to release the defendant from liability on his subscription, the alleged misrepresentations being of matters of mere opinion and expectation, and not of any existing fact.

*Held,* also, that the consideration of the subscription was the shares of stock to which the subscriber became entitled, and not those incidental advantages which he might have anticipated from a completion of the road.

*Held,* also, that the fact that the road had been abandoned, furnished no defense, as the creditors of a corporation have a right to pursue its stockholders, even after its corporate existence has ceased.

APPEAL from the *Grant* Circuit Court.

WORDEN, J.—This was a proceeding by *Bish* against *Bradford* and the *Cincinnati & Chicago Railroad Co.*, under the statute regulating proceedings supplementary to execution. The complaint alleges a recovery by the plaintiff of a judgment against the railroad company; the issuing of an execution thereon, and the return of no property, &c.; that the defendant, *Bradford*, is indebted to the company in the sum of fifty dollars, and the interest thereon, on a subscription made by him to the capital stock of the *Cincinnati, New Castle & Michigan Railroad Co.*, which company consolidated with the *Cincinnati, Cambridge & Chicago Short Line Railroad Co.*, thereby constituting the *Cincinnati & Chicago Railroad Co.*, which last named company afterward consolidated with the *Cincinnati, Logansport & Chicago Railway Co.*, thereby constituting the company first above named. A copy of the subscription is set out.

The railroad company was defaulted. *Bradford* answered in six paragraphs. A demurrer was sustained as to all except the fifth, to which a demurrer was overruled, and the plaintiff excepted. Replication, trial, verdict and judgment for the defendant.

Nov. Term, 1861.

BISH
v.
BRADFORD.

Friday, December 13.

Nov. Term, 1861.

Bish
v.
Bradford.

The ruling on the demurrer to the fifth paragraph of the answer presents the first question in the record, and the decision of that disposes of the whole case. That paragraph is as follows:

"5. Said defendant further answers and says, that it is true that this defendant subscribed to the capital stock of the *Cincinnati, New Castle. & Michigan Railroad Co.*, for one share, of fifty dollars, but the defendant avers that the same was obtained through the fraud, deceit and misrepresentation of said company, through her agents, as hereinafter mentioned. This defendant avers that at the time and before the subscription was made, and for the purpose of inducing this defendant to make the same, the agent of said company falsely, fraudulently and deceitfully represented to him, that said company had sufficient means to build their contemplated road from *New Castle, Henry* county, *Indiana*, to *Marion*, and from thence to the town of *Wabash*, and so north to *Grand* river, in the State of *Michigan*; that said company did not need a dollar from the citizens along the line of said railroad; that said road would be completed to *Marion*, and the cars be running, within eighteen months; that within that time all the real estate on or near the line of said road, would be greatly augmented in value; that the said company, having all the means necessary for completing said road, did not need to call upon the people on or near the line of said road for subscriptions to her capital stock, for the purpose of assisting in building the road, because they had sufficient means for that purpose, but that in view of the great amount of capital which the company would invest and expend on the line of the road, they desired that the citizens along and near the line of the road should subscribe a sufficient amount to her stock to show that they were friendly to the enterprise, and to satisfy the company of the good will of the people, that the means might be an assurance that the vast capital thus invested would be secure. This defendant also says that he was the owner of a farm near the town of *Marion*, at the time of making said subscription, and believed that it would be proper for him to make said subscription, on account of said inducem

and representations and promises, and believing the same to be true, and that said agents were truthful and reliable, they being the agents of the company for soliciting subscriptions to her capital stock. This defendant says that he knew that if said representations were true, that said road would be very certain to be built in a short time and would be a great advantage to him, by augmenting the value of his farm, and furnishing a home market for his surplus produce; which representations defendant avers were the sole inducement for said subscription. This defendant avers, that believing and relying upon said several representations of said agents, he was induced by the same to make said subscription. Defendant avers that said representations were false and fraudulent, and coming from men who were *noted as preachers of the Gospel*, (as defendant alleges said agents were,) they were well calculated to deceive and mislead the defendant; which he avers they did, and that said agents made the same for that purpose, knowing the same to be false. This defendant avers the truth to be, that said *Cincinnati, Newcastle & Michigan Railroad Co.* had not the means even to procure, clear and grub the track of said road. That said road is not completed, but, on the contrary, all idea of prosecuting said work, and completing the same, has long since been abandoned by said *Cincinnati & Chicago Railroad Co.*, without defendant's consent."

We are of opinion that this paragraph is insufficient; that the facts charged do not release the defendant from liability on his subscription.

The false representations charged to have been made may be divided into two classes: *First*. Those relating to the means of the company, and her ability to complete the road. *Second*. Those that relate to the time within which the road would be completed, and the effect such completion would have on the property of the country.

The first class are insufficient, because they are but mere expressions of opinion upon an existing fact, and its connection with a future event. It will be observed that no particular amount of means were represented to have been possessed by the company. The substance of the statements

Nov. Term,
1861.

Bish.
v.
Bradford.

in this respect was, that the company had sufficient means to build the road, without obtaining subscriptions along the line of the road. This could have been nothing but matter of opinion. How much it would cost to build the road, or whether the means would hold out, depended upon events which, probably, neither the corporation nor the defendant could foresee. In *Hardy* v. *Merriweather*, 14 Ind. 203, it was held, that representations that the company had stock enough to complete the road, and would do it in two years, were too vague, and manifestly nothing more than expressions of opinion. That case is decisive of the present, in this particular.

The second class of representations relate to the future. They relate to no existing fact, and are so clearly matters of opinion and speculation, that nothing further need be said upon them. The entire consideration of the defendant's subscription was the share of stock for which he subscribed. *The New Albany & Salem Railroad Co.* v. *Fields*, 10 Ind. 187. Now he can not say, that because the road has not been built, and therefore that his property has not been enhanced in value, an incidental benefit that he expected to obtain, the consideration of his subscription has failed.

The fact that the construction of the road has been abandoned, furnishes no defense. Creditors have a right to pursue stockholders of a corporation, even after its corporate existence has ceased. *Hardy* v. *Merriweather, supra.*

The demurrer should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*A. Steele, H. D. Thompson* and *J. Brownlee*, for the appellant.

*Isaac Van Devanter, J. F. McDowell* and *H. S. Kelley*, for the appellee.