## ADKINS *v.* ADKINS ET AL.

PLEADING.—*Answer.*—An answer professing to answer the whole cause of action, but which answers only a part, is bad on demurrer.

FALSE REPRESENTATIONS.—*Promise.*—*Estoppel.*—One of several heirs of A. owning an estate in common, in which the widow of A. held a dower inter-est only, represented to the other heirs that if they and the widow would unite with himself in the sale and conveyance of said estate, he would invest the proceeds of the sale in certain real estate in the name of the widow; the sale and conveyance were made accordingly, and the proceeds were invested by said heir in said real estate, the deed of which was taken by him, generally, "to the heirs of A."

*Held,* that the alleged representation by said heir was a promise only as to how he would invest the proceeds of the sale, and was not a statement of a fact of which a false representation could be alleged.

*Held,* also, in an action by a grantee of the widow against said heir, that the latter was not estopped, by said promise to the other heirs, not made to the widow, to claim partition of said real estate as one of the heirs of A.

SAME.—*Opinion.*—A false and fraudulent representation cannot be alleged of a mere opinion.

ESTOPPEL.—*Public Record.*—*Pleading.*—An estoppel cannot be pleaded of a false representation of what in its nature is of public record and easily accessible.

PRACTICE.—*Bill of Exceptions.*—A bill of exceptions must be filed within the time allowed by the court, or it will not be considered as a part of the record.

From the Monroe Circuit Court.

*P. C. Dunning* and *J. H. Louden,* for appellant.

*C. F. McNutt* and *R. W. Miers,* for appellees.

DOWNEY, J.—This was an action by the appellant against the appellees. It is stated in the complaint, that the plaintiff

and the defendants are the owners of in-lot 233, in Bloomington; that they are the owners thereof by deed, in fee simple, the plaintiff and James Adkins, Wyatt Adkins, and Jesse Adkins being children and heirs of Owen Adkins, deceased; that Isabel McCoy, formerly Isabel Adkins, but now Isabel McCoy, wife of James McCoy, was also a child and heir of said Owen Adkins, deceased, and has made a deed of conveyance for her share in said lot to Martha A. Adkins.

It is further stated, that the plaintiff and the defendants, James, Wyatt, Jesse, and Isabel, were the only children of said Owen Adkins, deceased; that the plaintiff owns one-fifth of said lot, and the said James, Wyatt, Jesse, and Martha Ann Adkins are each the owner of one-fifth thereof.

The plaintiff further alleges that he has paid taxes and made valuable and lasting improvements on said lot to the amount and value of eight hundred dollars, and asks the court to decree the same a lien on the lot. Prayer for partition, etc.

The defendants, James Adkins and Martha A. Adkins, filed an answer and cross complaint, in two paragraphs, as follows:

1. The said defendants, James Adkins and Martha A. Adkins, for their separate answers to the plaintiff's complaint and petition herein, as well as for a cross complaint in said action, say, that one Owen Adkins died at, etc., testate, seized in fee of twenty-one acres of land, situated in, etc., and personal property of the value of five hundred dollars, leaving as his widow Elizabeth Adkins, now deceased, and the plaintiff and defendants other than said defendant Martha A. Adkins, wife of said James, as his children and heirs at law; that by the terms of his will, the said Owen Adkins, deceased, bequeathed and devised to said Elizabeth his entire estate, real and personal, for and during her natural life, for her maintenance and support, as far as necessary, and at her death, if there should be any residue, the same was to be equally divided among the children alive at the death of his widow; that after the death of said Owen Adkins, the plaintiff pretended to become the executor of said will, or administrator of said

estate with the will annexed, and so pretending and representing he took possession of said personal property, and sold the same, and converted the proceeds thereof, amounting to six hundred dollars, to his own use, and has ever since refused to account for the same, and withholds the same from the parties entitled to the same; that afterward, for the purpose of cheating the said Elizabeth and these defendants, he went to his mother and falsely and fraudulently represented that it would be greatly to her interest to join with said children in conveying said real estate of said deceased, the plaintiff representing to her that he had procured the consent of said other children to such sale; that the money for which the land would be sold should be used in buying her, the said Elizabeth, a good and comfortable home; that the said Elizabeth and said children, relying on the said representations of the plaintiff, agreed to and did join in such sale and conveyance of said land; that afterward, in furtherance of said fraudulent purpose, the plaintiff did purchase said lot in the complaint mentioned, and paid therefor with said money, and fraudulently and clandestinely caused and procured the same to be conveyed to the heirs of Owen Adkins, deceased, instead of causing the same to be conveyed to the said Elizabeth, who was old, infirm, and feeble, she and said children relying on the good faith of said plaintiff; that said Elizabeth and defendants remained wholly ignorant of said fraud and the manner of said conveyance for the period of sixteen years, and until a short time before the death of said Elizabeth. It is then charged that the plaintiff converted the residue of said money remaining in his hands to his own use; that the plaintiff refusing to allow the said Elizabeth to live in his family, and all of said children being of age, and said Elizabeth being alone, she procured these defendants, James and Martha A., to remove on said lot and into her house, to live with and take care of her, agreeing with them, if they would do so, and take care of her during her life, she would, as partial payment therefor, convey to said Martha A. Adkins the said lot, which, in consideration of said promise and having reference to their filial duty and obligations, they

agreed to do, being ignorant of said fraud of said plaintiff; that during the period of seventeen years, and during the residue of the life of said Elizabeth, they faithfully, dutifully, and diligently performed, and did as agreed, the plaintiff well knowing the premises; that before her death, in pursuance of said agreement, she did, by a warranty deed, being still in ignorance of said fraud, convey the said lot to said Martha A., who, in like ignorance of said fraud, accepted the same, and continued to care for said Elizabeth, etc., and when dead, cause her to be decently interred, etc. It is alleged that the money paid by the plaintiff to improve said property was the money of the estate of said Owen Adkins, deceased. Prayer that the title to said lot be declared in said Martha A. Adkins, as against the plaintiff and the other defendants; that the title be quieted, etc.

2. That Owen Adkins died testate, at, etc., leaving Elizabeth Adkins, his widow, and the plaintiff and defendants as his children and heirs, seized in fee of twenty-one acres of valuable land, in, etc., and possessed of personal property of the value of five hundred dollars; all of which real and personal property he devised and bequeathed to his said wife, for and during her natural life, etc., the residue to go to his surviving children; that soon after the death of said Owen, the plaintiff pretended that he had been appointed administrator of said estate with the will annexed, and that he had caused the said will to be probated, and thereupon took possession of the personal property, sold the same, and converted the proceeds to his own use, amounting to six hundred dollars, and has not accounted for the same; that, in fact, he never was appointed administrator, nor did he prove the will, but fraudulently destroyed the will, or caused it in some manner to be made way with; of all which said Elizabeth and the children, other than plaintiff, remained ignorant for many years; that afterward it was agreed between plaintiff and the other children, that they would join with their mother in the conveyance and sale of said real estate, and with the proceeds purchase a home in the town of Bloomington, in said county, for

said Elizabeth, and cause it to be conveyed to her in fee simple, that she might therewith procure herself to be cared for in her declining years, she being then old and rapidly becoming feeble; that the plaintiff accordingly informed the said Elizabeth of said arrangement, and fraudulently pretended to her that he would carry out said arrangement, if she would concur; that she, relying, etc., consented thereto; that thereupon the plaintiff sold said land, said Elizabeth and said children joining in a conveyance thereof; that the plaintiff purchased said lot in controversy, paying therefor four hundred and fifty dollars, and to consummate the fraud caused said lot to be conveyed to "the heirs of Owen Adkins, deceased," instead of to Elizabeth Adkins, as agreed; that he caused the same to be done clandestinely and secretly, and kept said Elizabeth in ignorance thereof for sixteen years, as he did also the other children; that he converted the balance of said money to his own use; that thereafter, although able, he refused to take care of his mother; that said Elizabeth, remaining ignorant of said facts, agreed with said James and Martha, his wife, that if they would live with and take care of her she would convey said land to said Martha A.; that being ignorant of said fraud, they agreed thereto; that they did as they agreed, and during the time made lasting and valuable improvements of the value of five hundred dollars, and paid the taxes thereon, amounting to one hundred and fifty dollars; that the care of said Elizabeth for sixteen years was worth three hundred dollars per year, and the plaintiff and said other children well knew all the time that the defendants were performing said service in ignorance of said fraud; that on the —— day of ——, 186—, said Elizabeth conveyed by a good and sufficient deed of warranty said lot to said Martha A., both she and said Elizabeth and the defendants being ignorant of said fraud; wherefore the plaintiff ought to be estopped to set up any claim or title to said lot, and they pray judgment accordingly.

The plaintiff demurred separately to the paragraphs of the answer and cross complaint, because, as he alleged, they did.

not state facts sufficient to constitute a defence to the complaint.

The demurrers were overruled, and the plaintiff excepted.

Reply by general denial. There was a trial by jury and a verdict for the defendant Martha A. Adkins, on the cross complaint.

A motion for a new trial was made by the plaintiff, and overruled by the court. Final judgment was rendered for the defendant Martha A. Adkins.

Two errors are properly assigned :

1. Overruling the demurrers to the paragraphs of the answer; and,

2. Refusing to grant a new trial.

The complaint states two grounds for relief: 1st. It asks for partition of the lands; and, 2d. It asks for payment of the sum of eight hundred dollars, expended for improvements made on the land, and for taxes paid thereon.

The first paragraph of the answer and cross complaint, conceding that it shows a sufficient reason why the plaintiff should not have partition, and why he should not recover for the money paid for improvements, wholly fails to show any reason why he should not recover for the amount paid for taxes. It states, "that the money paid by the plaintiff to improve said property was the money of the estate of said Owen Adkins, deceased." Nothing is said as to the part of the plaintiff's claim arising out of the payment of the taxes. The paragraph is liable to the objection that it attempts to answer the whole cause of action, and answers only a part of it.

The alleged last will and testament of Owen Adkins was never probated, as is admitted on both sides. Although dates are omitted, it is probable that Owen Adkins died before the statute of 1852, giving the widow a fee simple, took effect.

It appears, therefore, that the widow had only a dower interest in the twenty-one acres of land. The town lot was conveyed to the heirs of Owen Adkins, without any express mention of the widow. She was, however, allowed to use and

occupy it during her life, in connection with James and his wife, who occupied under an agreement with her.

The first paragraph of the answer is relied upon as showing that the mother of the plaintiff and the defendants were induced by fraud to join in the conveyance of the twenty-one acres of land. What circumstances are alleged to show the fraud? It is alleged that the plaintiff "went to his mother and falsely and fraudulently represented that it would be greatly to her interest to join with said children in conveying said real estate of said deceased, the plaintiff representing to her that he had procured the consent of the other children to such sale; that the money for which the land would be sold should be used in buying her, the said Elizabeth, a good and comfortable home."

As to so much of this allegation as relates to the opinion expressed by the appellant, that it would be greatly to his mother's interest to join in the deed, it cannot amount to a fraud on her, because it was merely an opinion, and not a statement of a fact. *Bish* v. *Bradford,* 17 Ind. 490. We do not see how the children, other than appellant, could have been defrauded by this representation, for the same and also for another reason. They were of the same opinion, and united in the deed to carry the plan into effect, and it is nowhere alleged that such an arrangement was not, as it was represented, greatly to their mother's interest.

As to the part of the allegation which relates to what he would do with the money, it was a promise, and not a representation, and did not tend to show a fraud. *Fouty* v. *Fouty,* 34 Ind. 433. In our opinion, the court should have sustained the demurrer to this paragraph of the answer and cross complaint. We suggest the inquiry whether this cross complaint should not have shown with greater certainty against whom it was filed.

The second paragraph proceeds on the ground of estoppel. We are of the opinion, that it cannot be sustained on this ground. It states that the plaintiff pretended that he had been appointed administrator, etc., but to whom he made such pretence, or in

what manner, is not shown. As to the fact of the probate of the will and his appointment as administrator, etc., there was an easy mode of settling the question by an inquiry at the proper office. The defendants cannot build an estoppel upon this foundation.

The alleged agreement on the part of the plaintiff, that he would cause the lot to be conveyed to his mother in fee simple, appears from the allegations to have been made by the plaintiff with the other children, and not with the mother. This is no ground for an estoppel. If the plaintiff did not perform this promise, the remedy would be upon the contract, if there is any remedy.

The questions which counsel attempt to present under the second assignment of error cannot be decided. The motion for a new trial was overruled on the 9th day of June, 1873, and ninety days were given in which to file the bill of exceptions. It was filed on the 13th day of September, 1873. After the first named date, there were twenty-one days in June, there were thirty-one in July, thirty-one in August, and thirteen in September, making, until the bill of exceptions was filed, ninety-six days. This was too late.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrers to the paragraphs of the answer and cross complaint, and for further proceedings.