MULLEN v. BEECH GROVE DRIVING PARK.

SUBSCRIPTION.—*Indemnity.—Premium for Horse-Racing.—Complaint.—Capacity to Sue.—Parties.*—In an action against a subscriber, upon a written subscription of sums of money by the defendant and others severally, to a certain association, " for the purpose of assisting in the payment of premiums offered by the directors of " the association " for trotting, pacing and running races to be given " on the plaintiff's track, at a certain time and place, payable to the secretary thereof only in case " there should be a loss to said " association " on account of said races," the complaint alleged that the plaintiff was an association organized under the laws of this State, " for the purpose of purchasing grounds for a driving park ⁂ for the improvement of horses in speed, style, action and blood," etc., and that there had been a loss to the plaintiff, on account of such races, of a sum exceeding the aggregate subscribed.

*Held*, on demurrer, that the complaint is sufficient, that the plaintiff had capacity to sue, and that the action can be maintained, not by the secretary, but only by the plaintiff.

SAME.—*Voluntary Association.*—Such an association may properly be organized under section 2 of the act authorizing voluntary associations, 1 R. S. 1876, p. 923.

SAME.—*Consideration.—Corporate Existence.—Estoppel.*— Such subscription was based upon a sufficient consideration, and estopped the defendant from denying the corporate existence of the plaintiff.

SAME.—*Recording Articles of Association.—Answer.*—By his subscription the defendant admitted that the plaintiff's articles of association had been duly recorded, and is estopped from denying such fact by answer.

SAME.—*Ultra Vires.—Gaming.—Pool-Selling.*—An answer admitting the sub-

scription sued upon, but alleging that the plaintiff was organized for an unlawful purpose, viz., the purchase of grounds for horse-racing "and other purposes," or to enable the plaintiff to sell "pools" upon horse-races, is insufficient.

SAME.—*Fraud.*—*Negligence.*— An answer admitting the execution of the subscription sued upon, but alleging that the person procuring his signature had misrepresented the contents of the subscription and the extent of liability the defendant would incur by signing it, is insufficient.

From the Jefferson Circuit Court.

*J. Roberts* and *H. Francisco*, for appellant.

*C. E. Walker* and *W. S. Roberts*, for appellee.

PERKINS, J.—Suit by Beech Grove Driving Park, against Thomas S. Mullen, upon the following written instrument:

"We, the undersigned, agree to pay the sums set opposite our names to W. P. Graham, Secretary of Beech Grove Driving Park, for the purpose of assisting in the payment of premiums offered by the directors of said Driving Park for the trotting, pacing and running races to be given on the track of said Driving Park, commencing May 30th, 1876, and continuing four days; but it is hereby expressly agreed and understood, that the within amount, or any part thereof, shall not be due or paid, or be binding upon the subscribers, unless there should be a loss to said Driving Park on account of said races; and then, and in that case, said loss shall be made up by the payment of so much per centum of the subscriptions hereto as may be necessary to make said loss, and no more; and it is hereby understood, that in no event shall the subscribers hereto, or any of them individually, be liable for more than the amount hereto subscribed, and we hereby expressly and individually agree to pay said per centum.

| NAMES. | AMOUNTS. |
| --- | --- |
| JOHN KRAUT | $50 |
| THOMAS S. MULLEN | 50." |

The complaint avers, that "plaintiff is a corporation, organized under and pursuant to the laws of the State of Indiana, for the purpose of purchasing suitable grounds

for a driving park, for the promotion of agricultural pur-
poses, and for the improvement of horses in speed, style,
action and blood, and for the healthful recreation of its
members." It avers furthermore, that said subscription
was made to the plaintiff, as such corporation, by the name
and description of W. P. Graham, Secretary; that, in con-
sideration of the subscriptions made, of which that of the
defendant was one, the plaintiff offered premiums in the
amount of six thousand dollars; that the expenses were
twenty-five hundred dollars, the aggregate of which sums
" exceeded the amount received by plaintiff from all
sources whatever, on account of said exhibition, $2,000;
that the amount subscribed to said guaranty fund was
$1,300; wherefore plaintiff says said sum subscribed is due
plaintiff, that defendant refuses to pay the same, although
often requested," etc.

The corporation claims to exist under section 2 of the
Voluntary Association act, 1 R. S. 1876, p. 923.

Demurrer to the complaint assigning for causes:—

1.  Want of facts;

2.  Want of legal capacity in the plaintiff to sue; and,

3.  That the suit should have been brought in the name
of Graham.

The demurrer was overruled, and exception entered.

Answer in six paragraphs:

1.  *Nul tiel corporation*, without verification.

2.  That the articles of association were not filed in the
recorder's office of Jefferson county, Indiana.

3.  That the plaintiff is not a corporation for the pur-
pose of promoting agriculture, etc., " but that said Beech
Grove Driving Park is an organization for the purpose, as
averred in their pretended articles of association, of pur-
chasing real estate in general and for other purposes;
wherefore defendant says there is no such corporation,"
etc.

4. That said subscription was obtained by fraud, in this, that the agent who procured it assured the defendant that he could not be called on to pay more than ten dollars of the amount; that he wanted him to subscribe as an inducement to others to do so, and upon these representations he subscribed without reading the paper.

5. That the plaintiff is a fraud, gotten up in evasion of the statute for the formation of voluntary associations, and is really for gaming purposes connected with horse-racing, "so that plaintiff might be enabled thereby, for gain, to sell pools upon the result of said races, in and of itself an illegal act, and might be enabled thereby, through said races, to sell for gain, to any person wanting the same, the privilege of selling pools on the results of said races," etc. And,

6. The general denial.

Demurrer to the first, second, third, fourth and fifth paragraphs of answer sustained.

Trial by the court, finding for the plaintiff, motion for a new trial overruled, and judgment on the finding.

The reasons assigned therefor, in the motion for a new trial, were:

1. Because the finding of the court is not sustained by the evidence, and is contrary to the evidence and the law; and,

2. Because the court erred in permitting plaintiff to introduce in evidence, over the objection of defendant, the contract filed with complaint, described therein and made a part thereof.

The assignment of errors is as follows:

"1. In overruling the demurrer to the complaint;

"2. In sustaining the demurrer to the second paragraph of answer;

"3. In sustaining the demurrer to the third paragraph;

"4.   In sustaining the demurrer to the fourth paragraph;

"5.   In sustaining the demurrer to the fifth paragraph; and,

"6.   In overruling the motion for a new trial."

We proceed to consider the alleged errors.

There was no error in overruling the demurrer to the complaint.

The contract sued on was upon a sufficient consideration. *Alvord* v. *Smith*, 63 Ind. 58.

It admitted the existence of the corporation, and estopped the appellant to deny that existence, if the law authorized such a corporation to exist.   *The Indianapolis, etc., Co.* v. *Herkimer*, 46 Ind. 142.

And if the corporation existed, it had the capacity to sue.   We think such a corporation might exist under the 2d section of the act concerning voluntary associations, 1 R. S. 1876, p. 923.

The suit was properly brought in the name of the corporation.   It is plain that the subscription was for the use and benefit of the corporation; that it was the real party in interest.

It is not assigned for error that the court sustained the demurrer to the first paragraph of answer, viz., that of *nul tiel corporation.*   This ruling is thus admitted to have been correct.

The court did not err in sustaining the demurrer to the second paragraph of the answer.   The 4th section of the act above cited provides, that "Every such association shall, from the time such record is filed in the proper recorder's office, be deemed and held to be a corporation,". etc.

As the association became a corporation only upon the filing and recording of its articles of association, in the proper recorder's office, and the defendant (appellant)

by the contract recognized the existence of the corporation, it admitted that its articles of association had been filed in the proper recorder's office.

The third paragraph of answer was bad. The corporation had a right, as one of its purposes, to purchase real estate for its race-ground. It is not averred, that it purchased more than this; and the " other purposes," for which the paragraph admits it was organized, are not denied to be legal, and within the statute. This paragraph was clearly bad.

The fourth paragraph is so manifestly bad that we need not spend time in commenting upon it. It admits the signing by the appellant of the contract with full opportunity to read it before signing, but that he voluntarily declined to do so, for the reason that the person presenting it to him said, that the corporation did not expect to call upon him for more than ten dollars of his subscription; that is, they expected, they entertained the hope, the opinion, that the receipts of the exhibition would be so large, that his proportion of the deficiency would not be over ten dollars. This shows no legal fraud. *Fox* v. *The Allensville, etc., Turnpike Co.*, 46 Ind. 31; *Birch* v. *Bradford*, 17 Ind. 490.

The fifth paragraph is shown to be insufficient by the case of *Alvord* v. *Smith, supra.*

In delivering the opinion of the court in that case, Judge BIDDLE said:

" Nor do we think the facts alleged in the complaint show a wager or bet. There is a clear distinction between a wager or a bet, and a premium or reward. In a wager or a bet, there must be two parties, and it is known before the chance or uncertain event upon which it is laid is accomplished, who are the parties who must either lose or win. In a premium or reward, there is but one party until the act, or thing, or purpose, for which it is of-

fered, has been accomplished. A premium is a reward or recompense for some act done; a wager is a stake upon an uncertain event.     *     *     *

"Nor can we see anything unlawful, or against public policy, in the facts alleged in the complaint. Under our statutes, 1 R. S. 1876, p. 48, encouraging agriculture, and authorizing public fairs, premiums are offered for the best draft horse, saddle horse, trotting horse, the best stock for this or that purpose. These premiums are certainly not wagers. As well might we call an insurance policy a wager because it is to be paid on an uncertain event, as to call a premium a wager because we do not know who will be entitled to it until the event happens. We see no difference, indeed, in principle, between a premium offered by an authorized corporation, and one offered by a private partnership. Neither are wagers, nor are they unlawful."

In the light of the decision in the case of *Alvord* v. *Smith, supra,* we may safely hold, that corporations organized to purchase ground for the purpose of being fitted up to be used for what we may call fairs or horse-shows, for the exhibition of horses, and showing their speed and bottom in races, and paying premiums upon them, are within the statute authorizing voluntary associations, for the encouragement of agriculture, etc., and that that in question in this case is legal and valid.

Good stock is an efficient instrumentality in prosperous husbandry. This being so, any tendency to foster other abuses and evils is unimportant, as affecting the right of recovery in this case.

The exhibition in question was one of those within the purposes and powers of the corporation, and the contract made in aid of it was legal and binding.

The judgment is affirmed, with costs.