## WELSHBILLIG ET AL. *v.* DIENHART.

CONTRACT.—*Action on Lease, for Rent.—Answer Setting up Previous Verbal Contract.—Fraud.*—In an action by the lessor, against the lessee, on a written lease for a term of years, which stipulated for the payment of specified sums at stated intervals, as rent, the defendant answered admitting that the plaintiff was entitled to the amount demanded, but setting up, and alleging a breach of, a previous verbal contract by the lessor, with the lessee, to make certain improvements on the property, and averring that such contract was part of the consideration of the lease.

*Held*, on demurrer, that the answer is insufficient.

*Held,* also, that an averment in the answer, that the lessor obtained such lease by "falsely and fraudulently representing" to the lessee that he had already contracted to have such improvements made, does not sufficiently charge fraud.

SAME.—*Issue.—Evidence.—Burden of Proof.*—Under the issues formed by the complaint and answer in such case and a reply specially denying the making of the verbal contract set up in the answer, the plaintiff was entitled, in the absence of any evidence, to recover the amount sued for, the burden of proof being on the defendant.

Welshbillig *et al. v.* Dienhart.

FRAUD.—*Representation.*—A representation upon which fraud can be predicated must be of an alleged existing fact, and can not be founded upon a mere promise.

SAME.—*Failure of Consideration.—Partial Answer.*—An answer of partial failure of consideration, pleaded to the whole of a complaint, is insufficient.

REFORMATION OF WRITING.—An answer seeking to reform an instrument in suit must allege that the reform sought is according to the agreement of both parties at the time the instrument was written.

HARMLESS ERROR.—The sustaining of a demurrer to a paragraph of a pleading is harmless, where the facts alleged therein are admissible in evidence under a remaining paragraph..

From the Tippecanoe Circuit Court.

*G. S. Orth* and *J. Park,* for appellants.

*J. M. LaRue* and *F. B. Everett,* for appellee.

BIDDLE, J.—Complaint on a written contract dated October 1st, 1875,for the collection of rent, made by Peter Welshbillig, as principal, and Joseph Beyer and John G. Metzger as sureties, with Peter Dienhart, by which Dienhart leased to Welshbillig the premises known as the "Germania Hotel," in the City of Lafayette, for a term of five years, at a stipulated rent, payable at fixed periods.    The sufficiency of the complaint was not questioned, nor were the facts averred denied by answer; but the appellants answered as follows :

1.    After admitting the execution of the lease, and that the rent was due and unpaid, as alleged in the complaint, the defendants averred, that, in April, 1875, the plaintiff was, and still is, the owner of said property known as the " Germania Hotel," and proposed to Welshbillig, that, if he would take a lease of the property for a term of years, and use and occupy the same as a first-class hotel, the plaintiff would proceed at once and put the property in thorough repair, in all respects suitable for a first-class hotel, and particularly that he would construct certain water closets, privy vaults and sewers with proper drainage ; that Welshbillig accepted said proposition and agreed that he would lease

the property for the term of five years, and pay the rent therefor as specified in said lease ; that the plaintiff commenced making said improvements and continued the same until the 1st day of October, 1875, when the same had been so far completed as to enable Welshbillig to take possession of a part of said premises, which he did on the day last aforesaid ; that the plaintiff continued to make said improvements until about the 15th day of October, 1875, when he suggested that the same be postponed until the completion of the water-works then in the course of construction by the City of Lafayette, so as to introduce water from said works into said property, to which suggestion Welshbillig gave his consent ; that thereafter so much of said agreement as is expressed in the lease set out in the complaint was reduced to writing as therein stated ; that the lease, although bearing date October 1st, 1875, was not in fact executed until March 21st, 1876, the said Welshbillig in the mean time occupying said premises, though at great inconvenience, and paying rent therefor according to the terms specified in the lease, relying upon the plaintiff to complete the improvements as above specified ; that the plaintiff fraudulently refused and still refuses to perform his part of the contract in completing said improvements, although the water-works were so far completed on the —— day of April, 1876, as to permit the introduction of water therefrom into the property so leased, and that without such improvements said property is unfit to be used as a first-class hotel ; whereby Welshbillig has been damaged to the amount of two thousand dollars.

The defendants further averred in this paragraph, that the lease was obtained by fraud, covin and misrepresentation in making said previous contract, which is again set out in terms, and failing to perform the same, and by " falsely and fraudulently alleging that he had made all his contracts and arrangements to have said improvements fully

completed in a reasonable time, and that he would so finish and complete the same; and said Welshbillig, fully relying on the pretended good faith of said plaintiff, and in full confidence of the truth of his allegations and representations, executed, with his sureties, the said lease;" that, since the execution of said lease, the plaintiff falsely and fraudulently refuses to complete said improvements.

Wherefore the defendants pray judgment for said sum, deducting the amount of said rents, and for further relief.

2. The second paragraph of answer is so essentially the same as the first in its averments of fact—indeed, we can see no legal difference between them—that we do not state it.

3. The third paragraph of answer avers the same previous parol contract as that set out in the first paragraph, alleging that the consideration specified in the lease was not the entire consideration which induced its execution; that the said previous contract was also a part of the consideration for making the lease; that said contract was not performed. Wherefore the consideration has in part failed.

4. The fourth paragraph of answer differs in no legal aspect from the first, except that it does not allege fraud, and sets up the previous parol contract, and its breach by the plaintiff, as a set-off instead of a counter-claim.

5. The fifth paragraph of answer does not differ from the fourth in any respect, as far as we can see, except that the facts are not so fully stated.

6. The sixth paragraph of answer sets up a verbal contract, the same as that set up in the first paragraph, and avers that the lease " does not contain and set out the entire agreement of the parties thereto," but " that, by mistake, oversight or inadvertence of the parties thereto," the verbal agreement was omitted in the said written agree-

ment, and " asks that said written instrument sued upon be so reformed as to express the whole of the agreement between the parties."

The plaintiff demurred separately to each paragraph of the answer, upon the ground that neither of them stated facts sufficient to bar the action. The court sustained the demurrers to the first, second, third, fourth and sixth paragraphs, and overruled the demurrer to the fifth paragraph. The plaintiff then replied to the fifth paragraph of answer, that the parties never made any contract of leasing, verbal or written, except the lease alleged in the complaint.

Upon the issue thus joined the court tried the case, and found for the appellee. By a motion for a new trial, the appellants have presented the question of the sufficiency of the evidence to sustain the verdict, which, with the question raised by demurrers, are all which the assignments of error present for our decision.

1. It does not seem to us that the court erred in sustaining the demurrer to the first paragraph of answer. It seeks to change a written contract by a verbal contract previously made, and to set up one unexecuted contract in bar of another unexecuted contract. That neither of these things can be done is a principle too well settled to require authorities in its support. *McMahan* v. *Spinning*, 51 Ind. 187; *Gilpin* v. *Wilson*, 53 Ind. 443. Nor was the fraud sufficiently alleged in the first paragraph of answer to constitute a defence. It amounted to no more than a breach of contract. This is never sufficient to constitute fraud. A representation upon which fraud can be predicated must be of an alleged existing fact, and can not be founded upon a mere promise. *Fouty* v. *Fouty*, 34 Ind. 433; *The President and Trustees of Hartsville University* v. *Hamilton*, 34 Ind. 506; *Adkins* v. *Adkins*, 48 Ind. 12; *Reagan* v. *Hadley*, 57 Ind. 509. But the appellants insist that the averment, that " the plaintiff falsely and fraudu-

lently alleged that he had made all his contracts and arrangements to have said improvements fully completed in a reasonable time," shows a fraudulent, affirmative, existing fact. It is enough to say in answer to this view, that the allegation is not negatived in the pleading; the only negative alleged is, that the plaintiff failed to make the improvements, which is no more than a breach of contract.

2. The second paragraph of answer being the same, in legal effect, as the first, we must hold the ruling applicable to the first to be also applicable to the second.

3. The third paragraph of answer is pleaded as a failure of consideration to the whole complaint, and at most sets up a failure only as to part; it is bad for this reason, if for no other.

4. The sixth paragraph of answer seeks to reform the contract sued upon, but does not show sufficient ground for the reformation. To reform an instrument for a mistake in writing it, it must be shown that the reform sought is according to the agreement of both parties at the time the instrument was written and the mistake made. When an instrument is written as one party understands it, and not as the other party understands it, there is no ground for reform. A reformation can not make a new instrument which the parties never agreed to make. *Allen* v. *Anderson,* 44 Ind. 395; *Nicholson* v. *Caress,* 59 Ind. 39; *Hamar* v. *Medsker,* 60 Ind. 413. Measured by these authorities, it is clear that the sixth paragraph of answer is insufficient.

5. It is not clear to us why the court sustained the demurrer to the fourth paragraph of answer, and overruled it to the fifth. Both paragraphs seem to us to be in legal effect the same, nor need we closely enquire whether the court might not have sustained the demurrer to the fifth as well as to the fourth paragraph. The appellee took is-

sue upon the fifth paragraph, and the appellants, at the trial, had all the benefits under the fifth which they could have had, upon trial, under the fourth. The error, therefore, in sustaining the demurrer to the fourth paragraph, if any existed, became harmless after the trial of the facts was had under the fifth paragraph.

6. The remaining question in the case, discussed by the parties in their briefs, arises upon the sufficiency of the evidence to support the finding of the court. The fifth paragraph of answer, upon which the trial was had, admitted, in terms, the contract as alleged in the complaint, and that the rent was due and unpaid, as therein averred—indeed, each paragraph of the answer expressly admits the same facts—and sets up the previous verbal contract, and its breach by the appellee as a set-off. The reply denied the existence of the previous contract. Upon this issue, we can not see that it was necessary for the appellee to introduce any evidence. The *onus* lay upon the appellants to prove the previous contract, its breach and the damages; tending to prove which, they neither introduced nor offered any evidence whatever. Upon the whole record, it does not appear to us that the appellants have been injured in the least.

The judgment is affirmed, at the costs of the appellants.