## TREACY AND WILSON, Respondent, v. C. CHINN, Appellant.

### St Louis Court of Appeals, April 18, 1899.

**Promissory Note:** ILLEGAL CONSIDERATION: PUBLIC POLICY. In the case at bar appellant contends that the condition upon which the note was to be paid involved or contemplated the racing of the horse, which, if not absolutely illegal, was at least immoral in its tendencies. Held, that the condition mentioned in the note was not of itself illegal; and, held, further that a party to a contract that is against public policy, can not avoid his obligations, under the contract, unless he restores or offers to restore to the other party all that he received under it.

*Appeal from the St. Louis City Circuit Court.*—HON.
SELDEN P. SPENCER, Judge.

AFFIRMED.

JOSEPH W. FALL for respondent.

Appellant purchased a horse from respondent for $3,000,
$2,750 of which was cash, and the balance of the purchase
money ($250) was to be paid one day after the horse pur-
chased developed speed enough to win a race. The purchase
of the horse was certainly not illegal. The question raised
by appellant's counsel, as to whether or not horse racing may,
or may not be illegal or immoral, is not concerned in this case
at all, and the fact that other parties may wager on horse rac-
ing, can not affect the validity of the contract under considera-
tion in this case. The payment of the due bill was condi-
tioned upon the horse proving himself capable of winning a
race. That condition being fulfilled, respondent must re-
cover. Similar due bills to this have been before the courts,
and have always been sustained. In the case of Williams v.
Stifel, 60 Mo. App. 138, the following contract was sustained:
"July 18th, 1893. Agreement between J. S. Williams of
Paris, Texas, and Otto J. Stifel, of St. Louis, Missouri, a part
contract of sale of Pop Gray to Otto F. Stifel. Said Otto F.
Stifel hereby agrees to pay, aside of his two promissory notes
of $2,500 each, the sum of $1,000 to said J. S. Williams
immediately after Pop Gray's first victory in a race. (Signed)
Otto F. Stifel."

ALEX. YOUNG for appellant.

The note or contract sued on in this case was only to
become due when the horse therein mentioned should "win a
race." Horse racing is illegal and against public policy, and
the courts will not lend their assistance to the enforcement of

a contract based thereon.    Pelz v. Long, 40 Mo. 532.    It is not material whether the illegality is disclosed by the contract or is established by evidence *aliunde.*    Sumener v. Summers, 54 Mo., page 340; Bick v. Seal, 45 Mo. App. 475.    In this state distinction made by the English authorities between contracts which are illegal and those which are immoral is not recognized.    Buckingham v. Fitch, 18 Mo. App. 91.    Whenever any contract conflicts with the morals of the time, and contravenes any established interest of society, it is void as being against public policy."    1 Story on Const., sec. 695; Turley v. Edwards, 18 Mo. App. 682, and cases cited.

BIGGS, J.—The plaintiffs sold to defendant a race horse for the sum of three thousand dollars.    Of this amount $2,750 was to be paid in cash and a note for $250 was to be given, which was to become due and payable on demand after the horse had won a race.    The cash payment was made and the note was given, in which the aforesaid condition was expressed.    The present action is on the note.    The cause was submitted to the court without a jury.    The defendant objected to the introduction of any evidence for the alleged reason that the petition did not state facts sufficient to constitute a cause of action.    The objection was overruled.    The note was read in evidence, its execution not being denied. The plaintiff proved that prior to the institution of the suit the horse ran in a race at the California Jockey Club; that the association offered a purse of $300 to the fastest horse; $70 to the second, and $30 to the third, and that the horse in question won the first prize.    The plaintiff also proved a demand and the refusal of defendant to pay the note.    The defendant offered no evidence, but submitted an instruction in the nature of a demurrer to plaintiff's evidence.    The court refused the instruction and thereupon found the issues for plaintiffs and entered judgment for the amount of the note. The defendant has appealed.

Where the consideration of a contract is illegal or where a contract is against public policy, in that it is immoral in its tendencies, the general rule is that it is not enforcible. Pelz v. Long, 40 Mo. 532; Buckingham v. Fitch, 18 Mo. App. 91; Bick v. Seal, 45 Mo. App. 475. The argument of the appellant in support of the instruction of nonsuit is that the contract here is within the inhibitions of this rule, in that the condition upon which the note was to be paid involved or contemplated the racing of the horse, which, if not absolutely illegal, was at least immoral in its tendencies. The racing of the horse did not necessarily involve the violation of a positive law, and the evidence fails to show such violation. The horse contested for a purse or premium. This was not a wager. Bouvier defines a wager to be "a contract by which two parties or more agree that a certain sum of money or other thing shall be paid or delivered to one of them on the happening or not happening of a certain event." This definition implies that there must be at least two parties to every wager in which one stands to win and the other to lose some valuable thing upon the certain result of a particular event. In such a case each party jeopardizes something, and each has the chance to win something. It is clear that no such conditions exist where an association offers a purse or premium to be contested for by the owners of horses. As stated by the supreme court of Indiana (Alford v. Smith, 63 Ind. 62), "a premium is a reward or recompense for some act done; a wager is a stake upon an uncertain event. In a premium it is known who is to give before the event; in a wager it is not known till after the event. The two need not be confounded." To the same effect is Jordan v. Kent, 44 How. Pr. (N. Y.) 207. We therefore conclude that the condition mentioned in the note was not of itself illegal in that it involved a violation of law and the evidence of its performance shows no such violation. Neither can we see how such a contest, that is the racing of the horse for a purse, is against public policy

or public morals. Such contests encourage the breeders of horses to improve the blood or breeding of their animals. To accomplish this our statutes authorize the formation of agricultural societies, and such societies are empowered to offer premiums or purses to be contested for by the
PUBLIC policy.   owners of horses and other domestic animals.
But if this point be conceded to the appellant his defense would not be helped. A party to a contract that is against public policy and who has enjoyed its fruits, can not avoid his obligations under the contract, unless he restores or offers to restore to the other party all that he received under it. Wiggins Ferry Co. v. Railroad, 73 Mo. 389. The judgment of the circuit court will be affirmed. All concur.