## REAGAN ET AL. *v.* BURTON ET AL.

PROMISSORY NOTE.—*Breach of Covenant.*—*Fraud of Payee.*—In an action on a promissory note not payable in bank, by an endorsee, against the maker and a third person, the maker answered that the note in suit was given solely for purchase-money of land conveyed by the payee, to the maker, by warranty deed; that, prior to such conveyance, the land had been subject to a mortgage for purchase-money owing from the payee to

this codefendant, but that the payee had fraudulently procured a release of the mortgage, and had then conveyed, as aforesaid, to the maker ; that the payee had subsequently assigned the note in suit to the plaintiff, for a pre-existing debt ; that subsequently this codefendant, in an action against the payee and maker, had recovered a judgment .subjecting the unpaid purchase-money evidenced by the note in suit to the payment of the debt due from the payee to this codefendant ; and that the plaintiff had due notice to appear to that action. The codefendant set up said judgment as a defence.

*Held*, on demurrer, that the answers were sufficient.

From the Hendricks Circuit Court.

*W. R. Harrison*, *W. S. Shirley*, *W. E. McCord*, *G. W. Grubbs* and *M. H. Parks*, for appellants.

*F. J. Van Voris*, for appellees.

HOWK, J.—This was a suit by the appellees, against the appellants, upon a promissory note, of which the following is a copy :

" $500.00                        MONROVIA, April 13th, 1873.

" On or before January 1st, 1875, we promise to pay to. the order of Sylvester Johnson and Leander Johnson five hundred dollars, value received, without any relief from valuation or appraisement laws of the State of Indiana, with interest at six per cent. per annum from date. If this note be collected by suit, the judgment shall include the reasonable fee for plaintiff's attorney.

.(Signed)                        "JESSE REAGAN,
                                 "JOHN W. REAGAN."

On this note were the following endorsements :

"April 17th, 1873.   SYLVESTER JOHNSON."

"June 18th, 1873.   LEANDER JOHNSON."

In their complaint, the appellees, partners under the firm name of John C. Burton & Co., alleged, in .substance, that on the 13th day of April, 1873, the appellants Jesse and John W. Reagan, by their note of that date, a copy of which was therewith filed, promised to pay, on or before January 1st, 1875, to the order of Sylvester and Leander

Johnson, five hundred dollars, and that, if said note should be collected by suit, the judgment should include a reasonable fee for plaintiff's attorney ; that on the 17th day of April, 1873, the said Sylvester Johnson, by endorsement thereon, assigned his interest in said note to his co-payee therein, Leander Johnson, who, in like manner, on the 18th day of June, 1873, assigned the said note to the appellees ; and that the note, and an attorney's fee in the sum of fifty dollars, were due and wholly unpaid. The appellees further said that the appellant Thomas M. Hadley was asserting a claim of some kind to said note or the proceeds thereof, was saying that the same was payable to him, and was threatening by process of law to compel the makers of said note to pay the same to him, but they said that the nature of said claim was unknown to them. Wherefore the appellees made the said Hadley a defendant, in order that the rights of all parties interested might be determined in this action; and they demanded judgment, etc.

The appellants Jesse and John W. Reagan jointly answered in two special or affirmative paragraphs, by way of counter-claim or cross complaint, to each of which paragraphs the appellees' demurrer, for the want of sufficient facts therein to constitute a defence to their action, was sustained by the court, and to these decisions the said Reagans excepted.

To the appellees' complaint the appellant Thomas M. Hadley separately answered in three affirmative or special paragraphs, to each of which paragraphs the appellees demurred, upon the ground that it did not state sufficient facts to constitute a defence to their action. These demurrers were severally sustained by the court, and to each these decisions the said Hadley excepted.

All the appellants elected to stand by their answers, and declined to answer further; and thereupon the court rendered judgment in favor of the appellees, for the

amount due on the note in suit, and from this judgment this appeal is now prosecuted.

In this court, the appellants have assigned, as errors, the several decisions of the court below, in sustaining demurrers to the several paragraphs of their respective answers.

These paragraphs of answer were very long, and we will not attempt to set them out in this opinion. The consideration of the note in suit was the sale and conveyance, by warranty deed, by the payees of said note, to the makers thereof, the said Jesse and John W. Reagan, of certain real estate in Morgan county, Indiana. Some years before that time, the appellant Thomas M. Hadley had sold and conveyed the said real estate to the payees of the note now in suit, the Johnsons, and had taken from them a mortgage on said real estate, to secure the payment of the sum of two thousand dollars of the unpaid purchase-money. This mortgage debt the Johnsons never paid, but a day or two days before the day on which they sold and conveyed the said real estate to said Jesse and John W. Reagan, they, the said Johnsons, or one of them, by certain false and fraudulent representations, procured the said Hadley to execute, acknowledge and deliver to them a certificate of satisfaction of his said mortgage. With this certificate of satisfaction in their hands, the Johnsons sold and conveyed, by warranty deed as aforesaid, the said real estate to the said Jesse and John W. Reagan, and received from them the note in suit, among other notes, for the unpaid purchase-money of said real estate. Within a few days after the execution of said note, it was assigned by the payees thereof to the appellees in this suit, J. C. Burton & Co., either in payment of, or as collateral security for, an antecedent debt due them from the Johnsons, or one of them. As soon as the said Hadley discovered the fraud of the Johnsons, in procuring him to execute the

certificate of satisfaction of his said mortgage, he commenced suit in the Morgan Circuit Court, against the Johnsons and the Reagans, to have the said certificate of satisfaction of his said mortgage declared fraudulent and void and set aside, and the lien of his said mortgage established on said real estate, to the extent of the unpaid purchase-money therefor, then owing by the said Reagans. Written notice of the pendency and nature of the said Hadley suit was served by the Reagans on J. C. Burton & Co., as the holders of the note now sued on and two other notes, and requiring them to appear and aid in the defence of said suit, and notifying them that if the Reagans were defeated in said suit, there would be " no consideration for said notes."

The suit of said Hadley against the Johnsons and the Reagans was put at issue in the Morgan Circuit Court, at its September term, 1874, and was well tried both by court and counsel, resulting in a verdict and judgment in favor of said Hadley and against the Reagans, for the ·amount of the purchase-money evidenced by their three notes of five hundred dollars each, then in the hands of J. C. Burton & Co., one of which is the note sued on in this action. At the request and by the procurement of said J. C. Burton & Co., and upon the faith of their indemnifying bond, the Reagans appealed from the said judgment of the Morgan Circuit Court to this court. This appeal was finally determined by this court at its November term, 1877, by an affirmance of the judgment below, and is reported under the name of *Reagan* v. *Hadley,* 57 Ind. 509.

We refer to this reported case for a fuller statement of the facts in which the present suit had its origin, than the one here given.

Pending that appeal in this court, the said J. C. Burton & Co. commenced this suit upon one of the notes in controversy in that appeal. The note was not payable at a

bank in this State, and was not governed by the law mer-
chant. The appellees, J. C. Burton & Co., took said note
subject to all the equities existing between the makers and
the payees thereof. The sole consideration of the note,
as between the makers and the payees thereof, was the un-
paid purchase-money of said real estate; and when, by
the judgment of a court of competent jurisdiction, the
Reagans, as the makers of said note, were required to
pay the unpaid purchase-money, evidenced by their notes
then in the hands of the appellees, to the appellant
Thomas M. Hadley, it is manifest, we think, that there
was a total failure of the consideration of such notes, one
of which was the note now in suit.

The paragraphs of answer of the appellants, the
Reagans, alleged substantially the same facts stated in this
opinion; and they showed, as it seemed to us, by reason
of the breach of the covenants of warranty, a total failure of
the consideration of the note sued on in this action. In our
opinion, therefore, the appellees' demurrers to the several
paragraphs of the Reagans' answer were not well taken,
and ought to have been overruled.

The answers of the appellant Thomas M. Hadley, in
this action, were in the nature of cross complaints, in
which he alleged substantially the same matters as stated
by him in his complaint in his suit against the Johnsons
and the Reagans, the substance of which complaint is set
out in the opinion of this court in the case of *Reagan* v.
*Hadley, supra.* In addition to those matters, the said
Hadley set up the judgment of the Morgan Circuit Court
in that suit, establishing his right to the purchase-money
owing by the Reagans and evidenced by their notes then
in the hands of the appellees, J. C. Burton & Co., one of
which was sued on in this action.

We are clearly of the opinion, that these paragraphs of
cross complaint of the appellant Hadley stated facts

sufficient to show a valid claim in his behalf, even as against the appellees, to the money evidenced by the said note in suit, and that the court erred in sustaining the appellees' demurrers to these several paragraphs.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to overrule the appellees' demurrers to the several paragraphs of the appellants' answers and cross complaints, and for further proceedings.